> 92h   468
> 73 AD² 74

RALPH T. NORTON, Appellant, *v.* ALBERT T. FANCHER, Respondent.

*Entire contract — the contractor must bear a loss occasioned by the elements — costs in an action at law a matter of right — their refusal is reviewable only by appeal, or by a motion for a new trial.*

Where an entire contract, to do certain filling and grading and to lay a certain quantity of tile, is entered into between two parties and a part of the filling is swept away by an extraordinary freshet, without the fault of either party, the contractor must bear the loss.

Where an action is brought at law and a money judgment is demanded, and the plaintiff recovers more than fifty dollars, he is entitled to costs as a matter of right, although the parties to the action may have waived their right to a jury trial and agreed that the court should try the case; such action by the parties does not bring the case within the rule making the awarding or witholding of costs in an equitable action discretionary with the court.

The refusal of the court to allow costs in such a case is a judicial error involving the merits, and is reviewable only by appeal or by a motion for a new trial.

APPEAL by the plaintiff, Ralph T. Norton, from a judgment of the Supreme Court in favor of the plaintiff, as modified or amended *nunc pro tunc*, entered in the office of the clerk of the county of Erie on the 19th day of April, 1895, upon the decision of the court rendered after a trial at the Erie Special Term.

The modification or amendment of the judgment consisted in striking out the part thereof which read as follows, viz., "with $82.72 costs of the action, making together $349.76," and inserting in the place and stead thereof the words "without costs to either party."

The action was brought to recover the balance alleged to be due upon a contract entered into between the parties, by the terms of

which the plaintiff, for a consideration duly expressed, undertook to lay a quantity of tile and to do certain filling and grading upon the defendant's premises.

There is no question but that the work was satisfactorily performed, and the contract in all respects fulfilled upon the part of the plaintiff, but it appears that while engaged in its performance, 897 cubic yards of earth filling was washed out of the ravine in which it had been placed, by reason of the occurrence of an extraordinary freshet, and without any fault upon the part of the plaintiff.

The earth thus washed out was replaced by the plaintiff, and he claimed the right to recover therefor at the same rate fixed by the contract for doing the work originally. By the stipulation of the attorneys for the respective parties a jury trial was waived and the action was tried by and before the court, which awarded the plaintiff the balance due upon the contract, not including the claim for replacing the earth washed out by the freshet. No costs were allowed to either party.

*Stone & Norton,* for the appellant.

*Walter S. Jenkins,* for the respondent.

ADAMS, J.:

It is conceded by both parties that the contract, which constitutes the subject-matter in this action, was entire in its character. By its terms the plaintiff was to perform certain work and accomplish certain results at a stipulated price. While the work was progressing an unavoidable accident occurred, and a considerable portion of the earth filling was washed away without the fault of any one, in consequence of which it had to be replaced by the plaintiff. This undoubtedly proved a serious matter for the plaintiff, and put him to trouble and expense not contemplated by either himself or the defendant at the time of entering into the contract, but, for this very reason, which probably accounts for the contract being silent upon the subject, the law requires that he shall be the sole sufferer. (*Harmony* v. *Bingham*, 12 N. Y. 99; *Tompkins* v. *Dudley*, 25 id. 272; *Williams* v. *Vanderbilt*, 28 id. 217; *Dexter* v. *Norton*, 47 id. 62; *Booth* v. *The S. D. R. M. Co.*, 60 id. 487.)

The troublesome question presented by this appeal arises upon the omission of the trial court to award costs to the prevailing party.

The action was one at law; a money judgment was demanded, and he amount recovered by the plaintiff largely exceeded the sum of fifty dollars, and yet he was denied costs. This determination is undoubtedly accounted for by the fact that the parties waived their right to a jury trial and agreed to submit their differences to the court, which tribunal thereupon treated the case as of an equitable nature, and one in which the rule as to the awarding or withholding of costs might be applied upon equitable principles. Had the learned justice been at liberty to adopt such a rule, there is much in the case which would seem to justify the conclusion reached, but I think the action is one in which the court was deprived of the right to exercise its discretionary power in respect of the matter of costs. As has just been suggested, the plaintiff's complaint demands judgment for a sum of money, and, therefore, whether the action was one cognizable by a court of law or equity, in the event of a recovery of an amount exceeding fifty dollars, he was entitled, as a matter of right, to his costs. (Code Civ. Proc. § 3228, subd. 4; *Murtha* v. *Curley*, 92 N. Y. 359.)

But, it is contended, the error is one which should be corrected by motion, and not made the subject of appeal. This would be so, undoubtedly, if it were the result of mistake or inadvertence, and not an error of judgment. (*Genet* v. *Pres., etc., D. & H. C. Co.*, 113 N. Y. 472–475; *Stannard* v. *Hubbell*, 123 id. 520.) The learned trial justice has assumed, however, to adjudicate the matter of costs, and if the action were really equitable in its nature, it is very clear that his judgment could be reviewed only by appeal. (*Stevens* v. *Veriane*, 2 Lans. 90.) In the case cited the court (see opinion, MULLIN, J.) appeared to think a different rule would obtain in an action at law, but I am unable to conceive of any reason why this should be so, for in assuming that he had the right to refuse costs the learned justice committed a judicial error, just as much as he would have done had he reached an improper conclusion upon the merits, and it is well settled that any change or modification of a judgment, which involves the merits of a controversy, can only be accomplished by an appeal or a motion for a new trial. (*McLean* v. *Stewart*, 14 Hun, 472; *Rockwell* v. *Carpenter*, 25 id. 529.)

The judgment appealed from should, therefore, be amended so as to award costs of the action to the plaintiff, and, as thus amended, should be affirmed, but without costs of this appeal.

Lewis and Bradley, JJ., concurred; Ward, J., not sitting.

Judgment so amended as to award costs of the action to the plaintiff, and, as so amended, affirmed, without costs of this appeal to either party.