[No. 2682.  Decided December 17, 1897.]

JOHN U. BROOKMAN *et ux.*, *Appellants*, v. STATE IN-
SURANCE COMPANY OF OREGON, *Respondent.*

MARRIED WOMEN—SEPARATE PROPERTY—PROVINCE OF JURY.

Although property acquired subsequent to marriage in the
conduct of business by either spouse raises a presumption in favor
of its being community property, such presumption is rebuttable.

Under the statutes of this state (Bal. Code, §§ 4502-4504), a
married woman has the right to lease a farm and prosecute the
business of farming as her separate business, entitling her to
the products and increase of the business as her separate prop-
erty.

A court errs in assuming the functions of a jury, and directing their verdict, when there is sufficient testimony upon the material issues, although contradictory, to go to the jury to determine the questions of fact raised.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Reversed.

*R. F. Laffoon*, for appellants.

*Hastings & Stedman*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellants, who were the owners of a certain farm, leased the same in January, 1894, to one C. T. B. Hall, a married woman, for the term of one year. It is alleged by the appellants that it was understood that the hay crop then growing on the premises should remain and be subject to the control of the lessors, that the hay should be cared for and harvested by said Hall, and that the lessors should have the selling of it; that out of the proceeds they should retain any costs they might be put to in selling the same, the sum of $300 and the amount of a note of $105, the rent reserved, and the remainder, if any, they were to pay over to said C. T. B. Hall, the lessee. A lease and mortgage were executed and were delivered simultaneously on the 27th day of April, 1894, although the date of the lease was in January, 1894. The testimony of Anderson explains the seeming difference in respect to the dates of the lease and mortgage. The mortgage was filed for record August 11, 1894, and on July 27, 1894, the respondent sued out an execution against the property of C. J. Hall, the husband of C. T. B. Hall, and G. B. Hall, his brother, and levied upon the hay raised upon the farm aforesaid during the summer of 1894 under the claim that the hay was the property of the said C. J. and G. B. Hall. It was sold under the execution and bought in by the re-

spondent. Appellants then commenced this action to recover the possession of said hay. The respondent demurred to the complaint for want of sufficient facts, in that the mortgagee could not maintain this action. The trial court sustained the demurrer and the appellants appealed to this court. The judgment of the lower court in sustaining the demurrer was reversed and the case sent back for further proceedings (15 Wash. 29). So that all questions of the sufficiency of this complaint were passed upon by this court when it was here before, and that decision is the law of this case so far as the sufficiency of the complaint is concerned.

At the close of the testimony, on motion of the respondent, the court took the case from the jury and submitted to the jury only the question of the value of the hay. This action of the court is alleged as error.

We think there was sufficient testimony offered in this case to go to the jury. The case cited by the respondent, viz., *Abbott v. Wetherby*, 6 Wash. 512 (36 Am. St. Rep. 176, 33 Pac. 1070), is not a case in point. It is true that the presumptions of community property had attached under certain circumstances, but these presumptions can, of course, always be overcome by testimony showing that a different state of facts really exists. Under our statute there is no question but that Mrs. Hall, although a married woman, had a right to lease a farm and prosecute the business of farming in her separate interests, and her testimony in this case, if the jury believed it to be true, would constitute this business her separate business.

It is contended by the appellants that hay was sold which was not levied upon, and was sold after the mortgage which purported to convey the hay to the respondent in this case had been properly recorded. This is a question of fact which the jury had a right to determine from the testimony.

Whether the hay was mixed by the appellants as claimed by the respondent is another question upon which the testimony is in conflict. The questions of who was in charge of this farm at the time the levy was made, and of whether Hall assumed to be the owner of the property or whether he denied any ownership in the same are flatly contradicted by the testimony of the different witnesses who testified in this case; and so it might be said of every material proposition involved.

There having been sufficient testimony to go to the jury, the court erred in assuming the functions of the jury, and the judgment will therefore be reversed with instructions to grant a new trial.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.

GORDON, J., not sitting.