Celia Galligan, Appellant, v. Margaret Galligan, Individually and as Administratrix, etc., of Timothy Galligan, Deceased, and Others, Respondents.

*Amendment of a judgment which directs the payment of a sum stated less taxes, by directing that the cost of repairs and improvements be also deducted.*

Patrick Galligan, who had made an oral contract to devise a house and lot to Celia Galligan, died leaving a will by which he devised the house and lot to one Timothy Galligan. Celia Galligan then brought an action against Timothy Galligan to compel the specific performance of the oral contract. The action resulted in a decision that the plaintiff was entitled to a deed of the house and lot and to recover of Timothy Galligan the sum of $600 for the use and occupancy of the property, less any amounts paid by him for taxes on the property during his occupancy, the amount of such taxes to be determined upon an accounting unless the parties stipulated the amount thereof. Thereafter the plaintiff, without any accounting being had as to the taxes or a stipulation as to the amount thereof, caused a judgment, following the language of the decision, to be entered thereon.

Subsequently, on motion of the defendant, an order was made setting aside the judgment and amending the decision so as to provide for an accounting as to the amount paid by the defendant during his occupancy of the property, for taxes and necessary repairs and improvements, unless the parties should stipulate as to the amount, and that the amount so determined should be deducted from the sum allowed for use and occupancy. The order appointed

a referee before whom the accounting should be had and provided for the entry of an interlocutory judgment.

The defendant's answer contained no allegation as to the payment of taxes or the making of repairs or improvements. No evidence upon that subject was given at the trial, nor did the court make any findings of fact thereon. It did, however, appear by the affidavits of the defendant and his attorney that taxes were in fact paid and repairs and improvements made.

*Held*, that the omission in the original decision to provide for an allowance of the amount paid by the defendant for repairs and improvements was a mistake or inadvertence, not involving an error of judgment, and that it was competent for the court to correct such mistake.

APPEAL by the plaintiff, Celia Galligan, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Wyoming on the 26th day of November, 1901, vacating a judgment in the action theretofore entered upon the decision of the court, and amending such decision.

*M. L. Coleman,* for the appellant.

*Charles F. Tabor,* for the respondents.

WILLIAMS, J. :

The order appealed from should be affirmed, with costs.

The action was for specific performance of an oral contract between the plaintiff and one Patrick Galligan, whereby Patrick agreed to devise a house and lot to the plaintiff. Patrick died August 2, 1893, leaving a will made July 28, 1893, which was admitted to probate August 19, 1893, devising the house and lot to one Timothy Galligan in fee.

August 4, 1901, the court made its decision whereby it found the plaintiff entitled to specific performance, and to a deed of the house and lot to her, and to recover of Timothy Galligan the sum of $600 for the use and occupation of the property from September, 1893, to date of the decision, *less any amounts paid by Timothy for taxes on the property, since he had occupied the same (September,* 1893), *to be determined upon an accounting, unless the parties stipulated the amount thereof,* and that plaintiff recover from Timothy the costs of the action. September 4, 1901, the plaintiff, without any accounting being had as to the taxes, or stipulation as to the amount thereof, caused a judgment to be entered upon the decision

of the court. The judgment followed the language of the decision as to the amount of the recovery for use and occupation $600, less amount paid for taxes. A motion was thereupon made, resulting in the order of September twentieth, appealed from. This order set aside the judgment, and amended the decision so as to provide for an *accounting as to the amount paid by Timothy since September,* 1893, *for taxes and necessary repairs and improvements upon the house and lot,* unless the parties stipulated as to the amount thereof, the amount so determined to be deducted from the sum allowed for use and occupation, $600; and the order further directed that plaintiff might enter an interlocutory judgment in accordance with the decision as amended, the accounting to be had before Eugene L. Faulk, a referee appointed for the purpose, and that final judgment should not be entered until a final settlement thereof, subscribed by such referee or judge of the court, was filed as provided by section 1231 of the Code of Civil Procedure.

After the entry of the order of September 20, 1901, Timothy Galligan died intestate, leaving a widow and two minor children, and October 30, 1901, the widow was appointed administratrix of his estate. December 5, 1901, the widow and two children were substituted as defendants in place of Timothy Galligan, and the widow was appointed guardian *ad litem* of the infants.

The court, by its original decision, determined that the plaintiff should recover from Timothy Galligan $600 for the use and occupation of the house and lot from September, 1893, less the amount paid for taxes, but made no provision for a reference to ascertain the amount of the taxes in case of a failure of the parties to stipulate the amount. The judgment entered upon such decision and following the language of the decision, was not sufficient to authorize the issue of an execution for the collection of any part of the $600, because the amount to be deducted therefrom was not fixed or determined. The plaintiff needed to have the decision and judgment amended if she desired to derive any benefit therefrom, so far as this part of her relief was concerned. She made no application, however, and, so far as appears, objected to any amendment whatever. By entering the judgment in the form she did, and objecting to any amendment of the decision and judgment, the plaintiff might be said to have waived her right to enforce this part of the deci-

sion. If we are correct in this view, the defendants can hardly complain, because the most they could expect would be to avoid the payment or collection of any part of the $600. The court, however, had the power to correct any mistake or inadvertence in its decision which did not constitute an error of judgment. (*Norton* v. *Fancher*, 92 Hun, 463, 465 ; *Coffin* v. *Lesster*, 36 id. 347 ; affd., 110 N. Y. 645.)

It might, therefore, as it did in this case, set aside the judgment as entered and modify its decision so as to provide for an interlocutory judgment, and an accounting as to the amount of the taxes paid. To this extent the relief granted by the order was for the benefit of the plaintiff, and should not be objected to by her. The decision of the court was that the amount of the taxes paid should. be deducted from the $600 for use and occupation, and the plaintiff should recover the balance thereof.

The only question really is whether the court had the power also to include in the accounting the repairs and improvements made upon the house and lot, and to provide that the amount thereof should also be deducted from the $600 in order to arrive at the balance for which plaintiff should recover.

The plaintiff in her complaint asked for an accounting as to rents and profits while Timothy Galligan occupied the same. Timothy Galligan, by his answer, admitted he had the use and occupancy of the house and lot, and made no allegations as to the payment of taxes, or the making of repairs or improvements, while in possession of the house and lot. The decision of the court makes no findings of fact as to the payment of any taxes or the making of any repairs or improvements.

It appears by the affidavits of Timothy Galligan and his attorney that no evidence was given on the trial as to taxes, repairs or improvements, but that taxes were in fact paid and repairs and improvements made. The evidence as to the value of the use and occupation was uncontradicted and found to be $600. The amendment did not insert any finding of fact not theretofore contained in the decision. The original decision did not find that any taxes had been paid. It merely provided that the amount of any taxes that might have been paid should be deducted from the $600, and so by the amendment it was not found that any expense for repairs or

improvements had been made, but merely that such expense as might have been incurred should be deducted from the $600, and then left the determination of the facts as to these taxes and expenditures to a referee named.

The court in effect found by the amended decision that Timothy Galligan was equitably to be allowed upon the value of the use and occupation the amounts necessarily expended by him for taxes, repairs and improvements. Under the case of *Coffin* v. *Lesster* (*supra*) the court had authority to make this amendment in the decision.

The allowance upon the $600 of all taxes paid and expenditures made for repairs and improvements was just and equitable, and should have been provided for in the original decision.

The plaintiff was adequately protected. While asking that equity be meted out to her, she should have been willing to permit equity to be done to Timothy Galligan. The omission in the original decision was evidently a mistake and inadvertence. It was properly corrected by the amendment.

The order should be affirmed, with costs.

McLENNAN, SPRING and DAVY, JJ., concurred; HISCOCK, J., not sitting.

Order affirmed, with costs.