### WITHERS et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. MUNICIPAL CORPORATIONS—PUBLIC BUILDINGS—ARCHITECTS — EMPLOYMENT —COMPENSATION.

Laws 1896, p. 751, c. 626, provides for the rebuilding of the New York City prison, authorizes the commissioner of correction to employ architects to prepare plans, and declares that, when any work provided for by the act shall have been authorized and the plans therefor approved by the board of estimate and apportionment, the commissioner of correction shall carry out the work. The board of estimate and apportionment, on approving the general plans, authorized the construction of the building, with the exception of the cell work and certain other work. The architects who had prepared the general plans were employed by the commissioner of correction to prepare detailed plans and specifications for the construction of such cell work, etc., in the prison, but these plans and specifications were not approved by the commissioner or by the board of estimate and apportionment, and, to the time when the services of the architects were dispensed with, the work had not been authorized by the board of estimate and apportionment. Held, that the city was not liable to the archi-

tects for the compensation which the commissioner had agreed to pay them for preparing such detailed plans and specifications and supervising the work.

Appeal from Trial Term.

Action by Frederick Clarke Withers and another against the city of New York. From a judgment for plaintiff entered on a directed verdict, and from an order denying a motion for a new trial, defendant appeals. Reversed and new trial granted.

See 86 N. Y. Supp. 1105.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Terence Farley (Theodore Connoly and Charles A. O'Neil, on the brief), for appellant.

Albert Stickney, for respondents.

LAUGHLIN, J. The action is brought to recover damages for a breach of contract. The plaintiff Withers and the decedent Dickson, were architects. It is alleged in the complaint that they were duly employed to prepare detailed plans and specifications for the construction of the cell work, heating, lighting, ventilating, and plumbing for the new city prison at Centre, Franklin and Leonard streets, in accordance with general plans which they had duly prepared on their employment by the commissioner of correction and which had been approved by the commissioner and by the board of estimate and apportionment. The verdict was directed upon the theory that the architects were entitled to recover 5 per cent. of the cost of construction for preparing the detailed plans and specifications and supervising the construction, less the disbursements they would have incurred, and that the cost of construction of this work would have been $280,000, and that the expenses that would have been incurred by the architects in the performance of the contract, which were not incurred owing to their discharge, would have been $1,000. The defendant introduced no evidence. The plaintiffs recovered a former verdict upon the same theory upon evidence that does not materially differ from that in the record now before us, and the judgment was reversed and a new trial granted by this court. Withers v. City of New York, 92 App. Div. 147, 86 N. Y. Supp. 1105.

It appeared in the former record by uncontroverted evidence, as in this, that the general plans prepared by the architects were duly approved by the commissioner of correction and by the board of estimate and apportionment. It then appeared and now appears that neither the commissioner of correction nor the board of estimate ever approved the detailed plans and specifications prepared by these architects for the cell work, heating, lighting, ventilating, and plumbing for the prison, and that down to the time when the services of these architects were formally dispensed with this work had not been authorized by the board of estimate and apportionment. On the former appeal this court decided that under the special act (chapter 626, p. 751, Laws 1896) conferring legislative authority for this work, the commissioner of correction was authorized to employ architects to prepare plans and specifications for the work and to obligate the city to pay them reasonable compensation for their services in so doing, even though the

plans should not be approved or the work authorized by the board of estimate and apportionment, and that, in the event that the plans should be approved and the work authorized by said board, the commissioner of correction was then, and only in that event, authorized to employ architects to supervise the construction of the work. We also held that the detailed plans and specifications for this particular part of the work never having been approved by the board of estimate and apportionment, and the work not having been authorized, the commissioner was without authority to employ architects to supervise the work, and that his agreement to pay the architects 5 per cent. for supervising the work, if made, was not binding upon the city. The board of estimate and apportionment on approving the general plans authorized the construction of the building, with the exception of the cell work, steam heating, ventilating, plumbing, elevator, and sidewalks, and a contract for the work thus authorized was duly let, the performance of which was supervised by the architects, who evidently received their compensation in full therefor. There is evidence tending to show that the commissioner of correction authorized these architects to prepare detailed plans and specifications for the cell and other work not covered by the contract for the construction of the shell of the building.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.