[No. 11716.   Department Two.   February 20, 1914.]

F. W. Baker et al., Respondents, v. M. E. Murrey et al., Appellants.[1]

Husband and Wife—Community Property and Debts—Contracts by Husband. A contract to purchase real estate, executed by the husband alone, against the protest and objection of the wife, the payments on which were made by the husband out of community personalty in his possession, is community property, and the liability for unpaid purchase money is the community debt of the spouses, under Rem. & Bal. Code, § 5917, providing that all property acquired after marriage (except that acquired by gift, bequest or descent), shall be community property, and giving the husband the management and control of community personalty.

Assignments—Contract for Sale of Land—Rights of Assignee. The vendor in a contract to sell land may assign his rights, as security for a debt, and the assignee may enforce the contract against the purchasers.

[1] Reported in 138 Pac. 890.

COSTS—ON APPEAL—NECESSITY OF APPEARANCE. Costs will not be allowed the respondents where they made no appearance in the appellate court.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered January 21, 1913, upon findings in favor of the plaintiffs, after dismissing the jury, in an action on contract. Affirmed.

*J. W. A. Nichols*, for appellants.

MOUNT, J.—On July 20, 1909, the Puget Sound Land Development Company, a corporation, entered into a written contract with M. E. Murrey by which that corporation agreed to sell to Mr. Murrey certain real estate for the price of $5,400. The contract provided that the purchase price should be paid in installments. It also provided that time was of the essence of the contract, and in case of the failure of the vendee to make the payments, the vendor, at its election, might terminate the contract and forfeit all payments made thereon.

At that time, M. E. Murrey was married and living with his wife. Mrs. Murrey declined to sign, and objected to her husband entering into the contract. When the contract was executed, Mr. Murrey paid to the vendor, in accordance with the terms of the contract, $1,074. It is conceded that this money was the community funds of Murrey and wife.

Thereafter, on February 23, 1910, the Puget Sound Land Development Company assigned all its right, title, and interest under the contract to F. W. Baker and wife and F. D. Black and wife. After the assignment of the contract, Mr. Murrey continued to make payments until he had paid something over $2,000 thereon. He then neglected or refused to make further payments, when this action was brought by Baker and wife and Black and wife to recover the entire unpaid balance upon the contract. The cause was tried to the court and a jury. At the conclusion of the evidence,

which shows the facts above stated, the court concluded that the only question in the case was one of law, to wit, whether the contract could be enforced against the community of Murrey and wife; and therefore dismissed the jury, holding that the plaintiffs could maintain their action against the community of Murrey and wife. Judgment was thereupon entered in favor of the plaintiffs for the amount due at that time under the contract. The defendants, Murrey and wife, have appealed from that judgment.

Two questions are presented by the appellants upon the brief: First, did these appellants, as a community, enter into the contract sued upon; and second, are the respondents the owners of the contract and the land sold so as to enable them to maintain the action?

It is argued by the appellants that, because the contract was signed by M. E. Murrey only, and because Mrs. Murrey objected to her husband entering into the contract, therefore the contract was the separate obligation of the husband, and the community is not bound thereby. This is the substance of the argument of the appellants.

The statute provides, Rem. & Bal. Code, § 5917 (P. C. 95 § 27), that:

"Property, not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property. The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof."

The two preceding sections referred to provide that property acquired by either the husband or the wife before marriage or afterwards, by gift, bequest, devise or descent, is the separate property of the husband or wife so acquiring such property. All other property is made community property by the provisions of § 5917, supra.

It is conceded in this case that the appellant M. E. Murrey

entered into this contract. It is also conceded upon the record that the first payment of $1,074 was made from community funds. It is also admitted upon the record that all the property belonging to Murrey and wife was acquired by them after their marriage. It is plain, therefore, that this contract, whether considered as personalty or realty, is community property under the statute, unless the mere fact that Mrs. Murrey objected to the purchase of the property or to the contract entered into by Mr. Murrey makes it the separate property of the husband. We are satisfied that such objection of the wife does not change the character of the property acquired. This is plain, we think, from the statute above quoted.

In the case of *McDonough v. Craig*, 10 Wash. 239, 38 Pac. 1034, where a suit was brought upon promissory notes executed by the husband in the prosecution of community business, this court said:

"There are but two questions of substance which seem to us to be involved in the decision of this case; one is as to whether or not the community property is liable for a debt incurred for its benefit by the husband alone; and the other is as to the effect upon the status of such debt of the giving of a negotiable promissory note therefor by the husband in his own name. . . ."

"In our opinion the first question above stated has been settled by the decisions of this court. In the case of *Oregon Improvement Company v. Sagmeister*, 4 Wash. 710 (30 Pac. 1058), we held that community property could be sold upon a judgment against the husband, rendered for an indebtedness incurred by the husband by reason of losses in business in which he was engaged, with which the wife had no connection further than that cast upon her, by the law, as a member of the community. . . .

"A further consideration of the question has confirmed our convictions that everything rightfully done by the husband will be presumed to have been done in the interest of the community, and that such presumption will obtain unless it is made affirmatively to appear that the transaction in question

related to his separate property. . . . Under the law as established by that case, it must be held that any liability incurred by the husband in the prosecution of any business is *prima facie* a charge against the community; and that the presumption to that effect will continue in force until it is overthrown by proof that such liability was not incurred in any business of which the community would have had the benefit, if profit had been realized therefrom."

In *Ballard v. Slyfield*, 47 Wash. 174, 91 Pac. 642, we said:

"Property acquired by purchase during the marriage is presumed to be community property, and the burden rests upon the spouse asserting its separate character to establish his or her claim by clear and satisfactory proof."

And in *Graves v. Graves*, 48 Wash. 664, 94 Pac. 481, where property was acquired by the community and improved with community funds earned after marriage, we held that such property was community property and that an oral agreement that such property might be held as separate property by one of the spouses did not change the character which the law gave to the property. See, also, *Denny v. Schwabacher*, 54 Wash. 689, 104 Pac. 137, 132 Am. St. 1140.

We think the rule in these cases clearly fixes the character of this contract, even though signed by the husband alone; because it cannot be reasonably argued that this property was not acquired for the benefit of the community. If the purchase price had been paid, or shall be paid in the future, there can be no doubt that the property when acquired will be the community real estate of the appellants. And there can be no doubt that, when Mr. Murrey entered into the contract against the protests of his wife, he did so with the conviction that the contract was a good investment for the community. Under the statute, he has the management and control of the personal property. He had in his possession $1,074 of community funds which he desired to invest in this real estate. His wife objected. But he persisted in his desire and purchased the property. He had a right to do so, under

the statute which gives him the management and control of the personal property. It will not do to say that, where one member of the community uses community funds against the wishes of the other member of the community and makes an investment, a mere objection of the other makes the property acquired the separate property of the one making the investment. And yet, if the contention of the appellants is sustained in this case, that would be the result; for it is argued that, because Mrs. Murrey objected to the contract, it became the separate contract and liability of her husband.

No authorities from this court are cited by the appellants to sustain this position except the case of *Brookman v. State Ins. Co.*, 18 Wash. 308, 51 Pac. 395. That was a case where there was a question of fact to go to the jury whether a lease of property by a married woman became her separate property. Evidently in that case there was evidence which tended to show at least that the wife had a separate estate, and that she was dealing with her separate property, and made the lease for the benefit of her separate property and not for the community. There is no such contention in this case, and there is no evidence of the fact that Mr. Murrey purchased or dealt with this property as his separate property. The evidence is conclusive that the contract was made for the benefit of the community and was a community obligation. So that case has no bearing upon this one.

It is next argued by the appellant that the assignees had no right to maintain this action because this contract was assigned to the respondents as security for a debt. No authorities are cited to sustain this position. We have held to the contrary, and the general rule is that a vendor has a right to assign his rights under such a contract so as to entitle the assignee to enforce the same. *Big Bend Land Co. v. Hutchings*, 71 Wash. 345, 128 Pac. 652.

We are satisfied, therefore, that the trial court was right in his conclusions. The judgment is affirmed. The respond-

ents have made no appearance in this court; therefore no costs will be taxed in their favor.

CROW, C. J., MORRIS, and PARKER, JJ., concur.

FULLERTON, J., dissents.