BEECHWOOD GUN CLUB, INC., Plaintiff, *v.* CITY OF BEACON, Defendant.*

Supreme Court, Bronx County, December 29, 1933.

*Frederick Behr*, for the plaintiff.

*Vincent D. Stearns*, for the defendant.

McLAUGHLIN, J.   The plaintiff was the owner of property in the vicinity of the defendant which was needed by the latter for a water reservoir.   The evidence is that a Mr. Kelly, the city attorney of the defendant, began negotiations with the plaintiff which, on August 4, 1930, resulted in the former deeding certain of its property with a building on it, and the defendant agreed to build another

*Affd., 242 App. Div. 761.

clubhouse for the plaintiff and to install in it a water system sufficient to meet the requirements of the plaintiff. It is conceded that the defendant did build a new clubhouse and that it was destroyed by fire on May 30, 1932. There appeared to be no dispute as to the kind of building the defendant built, for the plaintiff went into possession and accepted it without objection. Its sole complaint here is that a proper water system was never installed. Plaintiff comes into court and says that although it was in possession of this building, the defendant should be assessed in damages not only for the value of the building but also for the value of the goods and materials placed in it by the plaintiff. Had this building been destroyed before the plaintiff occupied it, then the defendant would undoubtedly have been responsible for the loss of the building but not what plaintiff placed therein and would be obliged to rebuild the building at its own cost and expenses.

" In case of contracts for the construction of a building or the like it is the accepted general rule that the risk of the accidental destruction of the building before its completion is on the contractor, and its accidental destruction, without his fault, is no excuse for his failure to perform the contract, and in such a case the contractor not only cannot recover for the work, labor and materials furnished, but is liable for damages for his failure to perform." (Clark N. Y. Law of Cont. § 976; *Tompkins* v. *Dudley*, 25 N. Y. 272; *Norton* v. *Fancher*, 92 Hun, 463.)

If, however, in the case of the construction of a building the contract has been fully performed and the building accepted or approved by the owner's architect or engineer, the loss, if any, is with the owner. (*De Remer* v. *Brown*, 36 App. Div. 634; affd., 165 N. Y. 410.) This point was not raised in the Court of Appeals.

The facts show conclusively that the plaintiff had taken over the possession of the building and was using it, having placed its furniture and ammunition in it. It would appear that there was nothing left to be done under the contract except for the defendant to furnish " either by tap or pipe line, sufficient waters as may be required by the second party in its building or shack upon its said properties."

When the plaintiff took over the possession of this building and placed its goods there, then a different situation was presented. Had the plaintiff not been in possession, then the defendant would be bound to build another house and install another water system. There is no contradiction of the testimony of the plumber's employees to the effect that water was running in these premises just before the fire and that the installation had been completed, and this of itself would establish the fact that the contract was

completed in its entirety and the loss by fire or other accident not due to the fault of the defendant must fall upon the plaintiff. (*Sewell* v. *Underhill,* 197 N. Y. 168.)

This acceptance and occupancy by the plaintiff of the house was a waiver of any possible breach by the defendant by reason of any delay in installing a proper water system and such delay was thereby excused. It is true that no time for performance is fixed in the contract but that carries with it the idea of reasonable time. (*Taylor* v. *Goelet,* 142 App. Div. 467; affd., 208 N. Y. 253.) The proof in this case shows that water could not be put in the reservoir until August 22, 1931. (Defendant's Exhibits "A" and "B.") Even after that time, which is in reality an extension of the time originally contemplated by the parties, the defendant had a reasonable time to install a water system. (*Darrow* v. *Cornell,* 12 App. Div. 604.) Let us assume that there was unreasonable delay after this date. Still there was no default or breach of contract on the part of the defendant by reason of the delay. Even if the time had been fixed in the contract (and the rule applies equally to this case), before the plaintiff could put the defendant in default so as to cause a breach on its part, it is incumbent on it to demand performance within a certain time. "Where a fixed time has ceased to be an element in the contract, neither party can put the other in default without some notice or demand of performance." (*Lawson* v. *Hogan,* 93 N. Y. 39, at p. 44.) I cannot find any breach of this contract on the part of the defendant. The action is based upon a written agreement dated August 4, 1930. This instrument is but part of a transaction whereby the defendant obtained from the plaintiff some land and the building on it and among other things agreed to erect a building on the remaining portion of the plaintiff's land and to supply it water in accordance with the terms of this instrument. At first blush it would appear doubtful if the agreement is complete as to its terms. Further thought brings but one conclusion, and that is that the instrument is complete as to its terms except the time when the water system was to be installed. Parol evidence would be proper to show the time for performance but no more. A fire has occurred and the court is asked to permit parol testimony concerning the protection of this building against fire so that insurance might be obtained. The plaintiff now says that at the time the contract was made such an agreement was made orally and that on several subsequent occasions the same matters were spoken of and complaints made by reason of the failure of the defendant to install a water system. This must be rejected because it adds something new to the written agreement. Sufficient water as may be required in the building

is certainly a far different thing than is ordinarily required for fighting fire and thus give the right to insurance. This was something so different from the language of the instrument that its proof by parol evidence must be rejected. It is the law in this State that the court should exclude all extrinsic evidence which is offered to show an additional term of the contract which the parties might have inserted in the written instrument but which was not included in it. (*Edison El. Ill. Co.* v. *Thacher*, 229 N. Y. 172; *Interstate Chem. Corp.* v. *Duke*, 176 App. Div. 684; affd., 226 N. Y. 610; *Loomis* v. *N. Y. C. & H. R. R. R. Co.*, 203 id. 359.) The plaintiff argues that this parol evidence is admissible to show the " surrounding circumstances attending or surrounding and up to or inducing the execution " of the written contract. In this the plaintiff is in error. To show such circumstances by parol evidence there must be a doubtful meaning in the writing. It is admissible only when there is no possible way to gather and to ascertain the intention of the parties from the instrument itself. (*Middleworth* v. *Ordway*, 191 N. Y. 404; *U. S. Printing & Lithograph Co.* v. *Powers*, 233 id. 143; *Williams* v. *Gridley*, 110 App. Div. 525; affd., 187 N. Y. 526; *Dent* v. *North American Steamship Co.*, 49 id. 390; *Dady* v. *O'Rourke*, 172 id. 447; *Murdock* v. *Gould*, 193 id. 369; *Lossing* v. *Cushman*, 195 id. 386.)

I am constrained to grant the motion to strike out all the evidence relating to conversation before or at the time of the execution of the contract of August 4, 1930.

We are next confronted with the admissibility of the letter of November 18, 1931, from Mr. John T. Kelly, the former city attorney of Beacon, and the reply of Mr. Behr, dated December 1, 1931. Ordinarily such letters would not be admissible against the defendant for the reason that the defendant is a municipal corporation and it cannot be bound by writings except those of officers who are authorized by law to bind it. (*Withers* v. *City of New York*, 123 App. Div. 283; affd., 193 N. Y. 668; *Miller* v. *Mayor, etc.*, of *New York*, 3 Hun, 35.) The charter of the city of Beacon (Laws of 1913, chap. 539, as amd. by Laws of 1915, chap. 547) expressly provides that all contracts must be executed by the mayor (§ 13). The city attorney of Beacon had no such power (§ 91). However, a different principle is involved as to this letter of Mr. Kelly. While he had no authority by reason of his office to contract for the city, nevertheless, from the testimony in this case, he was authorized by the city authorities to write this letter of November 18, 1931. Commissioner Tillman said he did. In addition he conducted all the negotiations in regard to this matter and it is a safe and proper inference to hold that he was authorized to write that letter and

the defendant is bound as to its contents. The city attorney exercises the ordinary functions of retained lawyers and may bind the corporation to that extent. One of such functions is to write letters incidental to the matter in issue upon the instruction of those charged with the matter. (*Bush* v. *Coler*, 24 Misc. 368; affd., 52 App. Div. 630.) The letters are properly in evidence but what are their force and effect? Very little. In this respect the testimony of Commissioner Tillman is illuminating. What the city was really trying to do was to fulfill its contract to furnish water and it was disposed to do so but it was confronted with an engineering problem. He thought at first they could do it by a pressure system. That was the time that Mr. Kelly was instructed to write the letter of November 18, 1931. After that it was discovered to be impracticable, so they installed a gravity system. They were not bound to use a pressure system. They were under no duty to get the plaintiff's approval. That they did so does not enlarge the plaintiff's rights in any way. That they subsequently found this impracticable and went to the gravity system does not diminish the plaintiff's rights. Moreover, the plaintiff for some time saw the gravity system being installed and nowhere in the record was there any objection made. It is clear to me that both sides wanted water and the method employed was inconsequential. The letters did not bind the defendant to any particular kind of equipment and while they are admissible for the purpose of showing what was attempted to be done by the defendant with the approval of the plaintiff, they do not bind the defendant to any particular system and do not, as the plaintiff claims, clarify, amend or modify the agreement of August 4, 1930. Clearly the defendant cannot be held responsible upon this instrument which is a part of the whole contract between these parties. I feel compelled to hold that no cause of action has been made out.

Verdict is directed in favor of the defendant. Exception to the plaintiff. Stay of thirty days and sixty days to make a case.