122 So.2d 599

**SOUTHERN RAILWAY COMPANY and Alabama Great Southern Railroad Co.,**

v.

**CITY OF BIRMINGHAM et al.**

**SEABOARD AIR LINE RAILROAD COMPANY**

v.

**CITY OF BIRMINGHAM et al.**

**6 Div. 542, 543.**

Supreme Court of Alabama.

Aug. 18, 1960.

Jos. F. Johnston, Drayton T. Scott and Cabaniss & Johnston, Birmingham, for appellants.

J. M. Breckenridge, Birmingham, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the Circuit Court of Jefferson County, in Equity. Complainants-appellant railroads, in two cases consolidated for trial and appeal brought bills for declaratory judgments, seeking findings of the invalidity of the section of Ordinance No. 1611-F of the City of Birmingham which requires appellants to maintain flagmen at certain grade crossings located in the city. Respondents-appellees are the City of Birmingham and members of the Board of Commissioners of the city.

At the trial of the cause it was brought out that appellants have installed and are currently operating automatic signal devices at these crossings. These signals were installed in 1952 and 1953. At that time the City Code was amended so as to delete the then existing requirement that flagmen be maintained at the crossings. In 1959 the City Code was again amended and the flagman requirement reinstated. Complainants contend that in view of the effectiveness of the present automatic signals and of the great increase in expense that the substitution or addition of flag-

men would entail, the ordinance is unreasonable in its application and hence invalid. The trial court, however, upheld the ordinance as applied to two of the crossings. From this finding appellants appeal.

Both sides offered extensive expert testimony as to the relative effectiveness of automatic signals and human flagmen. In the course of their evidence appellants sought to prove, by the introduction of discussions and letters, an understanding between the appellants and the city in 1952 that the old City Code provision requiring flagmen would be repealed on the installation of the automatc signals. This evidence on objection, was excluded on the ground that " * * * the act of the Commission itself by their ordinances would be the only thing binding on them."

Appellants argued at trial and contend before this court that this evidence was properly admissible to show the city's position, at the time of installation, that these signals were as effective as flagmen. The controversy centers around a letter written by the city attorney dated October 29, 1952, which says:

"Your letter of October 20 to Commissioner Connor with reference to your crossings at 41st and 32nd Streets has been brought to my attention. Mr. Cummins, Executive Secretary to Commissioner Connor, requests that I inform you that all three Commissioners have agreed that whenever your facilities across these streets have been reduced to four main lines and one industrial lead and you have installed flashing light signals for the protection of these crossings which are satisfactory to our traffic engineer in type, design and location, then, the ordinance of the City will be so amended as that no flagmen need be maintained at these crossings."

Appellants contend that this letter constitutes an extra-judicial admission by the city and is proof tending to show that the

signals when installed in 1953, were satisfactory to the city and that the reasonableness of the ordinance thus depends upon whether conditions have changed to such an extent that the signals are no longer effective.

■ It is fundamental that the statements of an authorized agent may be received against the party principal. 4 Wigmore, Evidence, § 1078 (3d ed.); McCormick, Evidence, § 244. The usual difficulty with cases involving these admissions is the determination of the scope of the agent's authority, express or implied, to speak for the principal. In this case, however, the written statement, the letter in question, came from the city attorney, who is at least the nominal spokesman for the city. His authority to speak for the city on this particular occasion is not challenged.

■ The doctrine of admissions is applicable where the principal is a corporate as well as a natural person and where the corporation is a municipal as well as a business corporation. 2 Jones, Evidence, § 365 (4th ed.); 1 Dillon, Municipal Corporations, § 435 (5th ed.); Beechwood Gun Club, Inc. v. City of Beacon, 153 Misc. 358, 275 N.Y.S. 249, affirmed 242 App.Div. 761, 276 N.Y.S. 219; Herlihy Mid-Continent Co. v. Sanitary District of Chicago, 390 Ill. 160, 60 N.E.2d 882; Sargent v. Town of Alton, 101 N.H. 331, 143 A.2d 411; In re Appropriation of Easement for Highway Purposes over Property of Moores Lime Co., 107 Ohio App. 58, 156 N.E.2d 334; 31 C.J.S. Evidence § 359.

Appellees contend that the letter is "hearsay based on hearsay." The attorney, say appellees, "reports what Mr. Cummins has told him that the three commissioners had told Mr. Cummins." We do not think, however, that the significance of the letter lies in a chain of statements originating with the commissioners and passing through the executive secretary to the city attorney.

In our judgment the letter tends to show the city's written assertion, through its

agent, the city attorney, that the city would amend the code on the installation of the signals and for the city's implicit acceptance of the signals. For legal purposes it is the city that is the principal. It is the city that has made the admission.

 While, as the trial court has stated, the letter would not be sufficient to bind the city in a contractual sense, to the perpetuation of any ordinance, the letter if admitted could serve as a basis for an inference in regard to the effectiveness of the automatic signals. The inquiry is not, as appellees urge, into the motives underlying the city's repeal of the old flagman ordinance or its revival in 1959. The inquiry goes to the approval which the city purportedly gave to the automatic signals at the time of their installation. The letter should have been received in evidence for this purpose.

This court is not willing to make a determination as to the validity of the ordinance without the benefit of a finding in the lower court which is based on all the relevant and legal evidence submitted, including the letter in issue.

The exclusion of the letter dated October 9, 1952, which we have quoted above, is made the basis of assignment of error No. 6. The exclusion of the letter dated April 21, 1953, which will appear in the report of the case, is made the basis of assignment of error No. 7. These two letters are the only evidence made the basis of assignments of error and argued in brief, which were excluded by the rulings of the court.

 In the interest of time and expense it is not out of order for us to suggest that while a reversal of this case has the effect of setting aside the former submission and opening the case for retrial (West v. Holman, 227 Ala. 248, 149 So. 685), it may be that all the relevant evidence is properly now in the record before the court. If this be true, the case can be resubmitted on the evidence which has been taken with the thought that the court should take into consideration the evidence which was rejected and to which we have referred.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.