[No. 39120.    Department Two.    October 13, 1967.]

FRANK KUPKA, *Respondent*, v. DAVID J. DICKSON *et al.,*
*Appellants.**

*Gagliardi & Gagliardi*, for appellants.

*Johnson & Dixon*, by *Brooks K. Johnson*, for respondent.

HUNTER, J.—This is an appeal from a judgment in favor of Frank Kupka, the plaintiff (respondent), and against the defendants (appellants), David J. Dickson and the marital community of Dickson and his wife, hereafter referred to in the singular, for moneys due under an asserted real estate contract.

Kupka and the defendant owned adjoining pieces of property in the city of Tacoma in an area within the boundaries of the city's Center Street Urban Renewal Proj-

*Reported in 432 P.2d 657.

ect. They were aware that there was a good possibility their properties might be acquired or condemned by the city. A contract dated July 26, 1963 was prepared, pursuant to their negotiations, for the sale and purchase of the Kupka property. It designated Kupka as seller and Dickson and his wife as the purchasers. The purchase price was $8,000. A down payment of $200 was made by Dickson, and the balance, together with interest, was to be paid by February 1, 1964. Dickson also paid an $81 premium for fire insurance coverage for a building located on the property. The contract provided that the purchasers assumed the entire risk and burden of condemnation, and that any award should first be applied against the outstanding balance of the purchase price, if any. Kupka and David Dickson alone signed the contract.

The plaintiff retained both copies of the contract and paid a 1 per cent real estate excise tax on the transaction. After the conclusion of a condemnation action brought by the city against the owners of the property, he sent a copy of the contract to the defendant on March 19, 1965.

At the trial of the condemnation action, David Dickson, who had been joined as a party by the city of Tacoma, appeared pro se, representing to the court and to the jury that he was the contract purchaser of the property.

The jury by its verdict made an award of $5,400 for the property. Kupka received the entire amount, which he applied to the contract balance after payment of the taxes on the property. He then commenced the instant action against the defendant and his wife to recover the taxes and remaining balance due under the contract. The trial court awarded judgment in favor of the plaintiff against David Dickson and the marital community of Dickson and his wife, in the sum of $3,660.54 together with costs. The defendant counterclaimed for the $200 down payment. This was dismissed by the trial court. The defendant appeals.

It is the defendant's contention that he did not enter into a completed contract with the plaintiff. The defendant argues it was the understanding of Frank Kupka and David

Dickson that the contract was not to become effective until signed by Mrs. Dickson, and that she refused to sign the contract.

■ The trial court, noting that Dickson had admitted in open court in the condemnation proceedings that he was the contract purchaser, found that by so doing he affirmed the existence of the contract; that the contract was therefore in full force and effect insofar as it was binding upon David Dickson and the marital community of Dickson and his wife. The defendant argues, however, that this finding is not justified by the evidence. We think the statement made by Dickson in the condemnation proceedings, that he was the contract purchaser, constituted substantial substantive evidence which was sufficient to support the trial court's determination that it was the intention of Dickson that the contract, as signed, was to become effective.

■ The defendant contends that the trial court erred in failing to sustain his objection to the introduction of the record of the proceedings in the condemnation case. The evidence considered related only to admissions of Dickson, a party to the proceedings in the instant case. The ruling of the trial court was therefore correct.

The defendant further contends that his affirmative defense, which alleged that it was the understanding of the plaintiff and the defendant that the contract was not to become effective until signed by Mrs. Dickson, stands undenied in the plaintiff's reply and is therefore deemed admitted. This contention has no merit. The entire case is premised on the issue of whether there was a completed contract.

■ The defendant contends there was no delivery of the contract and that the contract was not properly executed. Physical delivery of a copy of the document executed by both parties is not essential for a completed contract where the court finds the parties have agreed that the contract is in effect, as in the instant case.

■ We are satisfied that the judgment against Dickson and the marital community of Dickson and his wife was

properly entered since the wife's signature was not necessary to the contract. The law is clear that the husband alone, as managing agent of the community, may obligate the marital community to purchase real property. In *Underwood v. Sterner,* 63 Wn.2d 360, 368, 387 P.2d 366 (1963), we stated:

A husband has the authority to purchase real property with community personalty, over his spouse's objections, and can bind the community for the payment of the purchase price. *Baker v. Murrey* (1914), 78 Wash. 241, 138 Pac. 890. This is so because a husband has the sole management and control of community personal property. RCW 26.16.030.

The remaining assignments of error are without merit.

The judgment of the trial court is affirmed.

FINLEY, C. J., DONWORTH and HAMILTON, JJ., concur.