This is a condemnation case. Mobile County instituted proceedings to condemn .34 acres of Mrs. Elouise Brantley's property. Commissioners were appointed by the Mobile County Probate Court, and they assessed Mrs. Brantley's damages at $14,810. The County appealed to the circuit court, and the jury returned a verdict of $52,818.70 in favor of Mrs. Brantley. The County filed a motion for new trial or in the alternative for remittitur, which was denied. The amount of the verdict was within the range of expert appraisal testimony, and the question of excessiveness of the verdict is not raised as an issue in this appeal by the County. We affirm.
Mrs. Brantley owned approximately 3.5 acres at the southwest corner of Cottage Hill and Sollie Roads prior to the condemnation of the .34-acre tract involved in this proceeding. At the time this proceeding was filed, Sollie Road was a 3.5-mile dirt road running north and south. Cottage Hill Road was a paved road running east and west. Prior to this condemnation proceeding being filed, the County had on two occasions acquired land from Mrs. Brantley for a right-of-way of what is now Sollie Road (previously designated Dawes Hollow Road). A 30-foot-wide strip was acquired by deed in 1956. An additional 20-foot-wide strip was acquired by condemnation in 1957.
Mrs. Brantley testified over the County's objection that on several occasions in 1955 and 1956, the county negotiator, and the county engineer, as well as the county commissioners told her that the County was going to build a paved road on the right-of-way which it was acquiring from Mrs. Brantley and that this road would enhance the value of her remaining property. The County assigns as error the admission of this testimony.
These were out-of-court statements made by a party opponent; such statements are admissible when offered against the party making them. Southern Railway Co. v. City of Birmingham,271 Ala. 114, 122 So.2d 599 (1960); Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788 (1942). Section 180.01(4) of C., Gamble,McElroy's Alabama Evidence, states:
 "In a civil action, a party's extrajudicial admission is substantive evidence against him of the existence of the matter admitted and a finding of the existence of the matter admitted may be based upon such admission without any *Page 485 
other evidence of the existence of the fact admitted. . . ."
In Southern Railway Co. v. City of Birmingham, supra, 271 Ala. at page 116, 122 So.2d at 601, we wrote:
 "The doctrine of admissions is applicable where the principal is a corporate as well as a natural person and where the corporation is a municipal as well as a business corporation." (Citations omitted.)
The doctrine of admissions is also applicable where the principal is a county. Mrs. Brantley did not offer the county officials' statements to bind the County in a contractual sense, but for those statements to serve as a basis for an inference in regard to whether a paved road was planned at the time the statements were made.
There was other evidence offered which indicated that the County planned to pave Sollie Road within the County's previously acquired and existing right-of-way long prior to 1983, which was not objected to by the County (e.g., minutes of a 1961 commissioners' meeting indicating a plan to place the road on the farm to market road program; the minutes of a 1957 commissioners' meeting at which the county engineer was instructed to clear and grade the road within the right-of-way that had been acquired by the County; and testimony of a member of the road planning committee for the Chamber of Commerce and the Real Estate Board that it was his understanding that years before the present condemnation, the County was to pave and build Sollie Road and that he interpreted the major City Plan of Mobile to include Sollie Road).
There was also testimony that the real reason for the County's now condemning additional land from Mrs. Brantley was for the purpose of aligning Sollie Road and Cody Road at their intersection with Cottage Hill Road. Cody Road intersected Cottage Hill Road on the north side and Sollie road intersected Cottage Hill Road on the south side.
Based on the fact that the County did not receive funding to pave Sollie Road until 1983, the County contends that the "scope of-the-project rule," as enunciated in United States v.Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943), was not triggered until the County became "committed" to pave Sollie Road in 1983. United States v. 320 Acres of Land, Moreor Less in Monroe County, State of Fla., 605 F.2d 762 (5th Cir. 1979). That being so, the County contends the trial judge erred in allowing Mrs. Brantley to show the "before" value of her property taken as enhanced by the paving of Sollie Road and in giving the following instruction to the jury:
 "I also charge you that there has been discussion in and issues raised in the case about whether or not the County, when it acquired property from the defendant in 1955 and '56, did so with a plan to build a paved road on the property then acquired. If you are reasonably satisfied from the evidence in the case that the county did plan to build the paved road on the property then acquired, that the defendant's property now being acquired was not within the scope of the project planned at that time, and that the plan to build the road enhanced the value of the defendant's then remaining land at that time, you should consider, in arriving at the market value of the defendant's land before the taking in this case, the value of such land as enhanced by the County's then planned road project. . . ."
Mrs. Brantley contends that she is entitled to have the "before" value of her property determined as if Sollie Road were paved. She further contends that the present taking of .34 acres was not contemplated by the original paving project for Sollie Road, and, therefore, that the valuation of her property is not subject to the general rule that owners of land taken by eminent domain are not entitled to the enhancement in the value of their property due to the proposed improvement. Standard OilCo. v. State, 287 Ala. 143, 249 So.2d 804 (1971); State HighwayCommissioner v. Bell, 209 Va. 769, 167 S.E.2d 127 (1969);United States v. Miller, supra.
Both parties cite Miller as being the applicable law. "InMiller, the United *Page 486 
States Supreme Court set forth the principles to be applied in determining whether enhancement in the market value of a tract of land, occasioned by virtue of its proximity to the improvement to be constructed, is to be considered in awarding compensation."
Justice Roberts, writing for the United States Supreme Court, made the following observations:
 " 'If a distinct tract is condemned, in whole or in part, other lands in the neighborhood may increase in market value due to the proximity of the public improvement erected on the land taken. Should the Government, at a later date, determine to take these other lands, it must pay their market value as enhanced by this factor of proximity. If, however, the public project from the beginning included the taking of certain tracts but only one of them is taken in the first instance, the owner of the other tracts should not be allowed an increased value for his lands which are ultimately to be taken any more than the owner of the tract first condemned is entitled to be allowed an increased market value because adjacent lands not immediately taken increased in value due to the projected improvement.'
" '. . .
 " 'The question then is whether the respondents' lands were probably within the scope of the project from the time the Government was committed to it.
If they were not, but were merely adjacent lands, the subsequent enlargement of the project to include them ought not to deprive the respondents of the value added in the meantime by the proximity of the improvement. If, on the other hand, they were, the Government ought not to pay any increase in value arising from the known fact that the lands probably would be condemned. The owners ought not to gain by speculating on probable increase in value due to the Government's activities.' [Emphasis supplied.]"
United States v. Miller, 317 U.S. at 376, 63 S.Ct. at 283, as quoted in Standard Oil Co., 287 Ala. at 148, 249 So.2d at 809.
Justice Bloodworth, writing for this Court in Standard OilCo., supra, stated "that the question as to whether the acquisition of these access rights was probably within the scope of the project is a factual issue which should have been resolved by the jury under proper instructions from the Court."287 Ala. at 149, 249 So.2d at 809. We are of the opinion that the trial court properly submitted this question to the jury and properly instructed the jury on the principles enunciated in Miller.
The facts of this case, as set out earlier in this opinion, present a fact question for determination by the jury, as to whether the County planned to pave Sollie Road in the previously acquired and existing right-of-way before the 1983 paving project was instituted. There is evidence from which the jury could, and apparently did, find that the real reason for the present taking is to align Sollie Road and Cody Road at their intersection with Cottage Hill Road. The fact question as to whether the taking of .34 acres of Mrs. Brantley's property was "probably within the scope of the project" from the time the County was committed to it was properly resolved by the jury under proper instructions from the court.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ. concur.