748 P.2d 829

**Art & Carol DANIELS, Plaintiffs–Respondents.**

v.

**Lyle R. ANDERSON, Defendant–Appellant.**

**No. 16733.**

Court of Appeals of Idaho.

Nov. 25, 1987.

Petition for Review Denied Feb. 10, 1988.

Kent E. Whittington, Idaho Falls, for defendant-appellant.

Art and Carol Daniels, pro se. No appearance on appeal.

BURNETT, Judge.

This appeal arises from a dispute over a contract to perform a personal service. The trial judge determined that Lyle Anderson breached a contract with two homeowners, Art and Carol Daniels, by which Anderson agreed to install tile in their house. We are presented with two issues: (1) whether the lower court's findings of fact are supported by substantial evidence; and (2) whether these facts support the conclusion that Anderson breached his contract. For reasons explained below, we affirm.

The essential facts are as follows. In June, 1984, the homeowners decided to hire a professional craftsman to install tiles on the floor of a room in their house. One month later they orally agreed for Anderson to install the tiles at a total cost of $487.50. As part of the oral agreement, Anderson guaranteed his work for one year. Shortly thereafter, Anderson completed the job and was paid the agreed price. Within two months large cracks began to develop in the floor. Over the next six months the condition worsened. Anderson came to the house and inspected the damage. According to the homeowners, Anderson explained that the cracking was caused by the adhesive he had used. However, again according to the homeowners, Anderson said he could not absorb the cost of repairs. The homeowners sued.

This seemingly simple dispute led to protracted litigation. A judge in the small claims department of the magistrate division of the district court found in the homeowners' favor. Anderson appealed to the magistrate division, obtaining a trial *de novo* pursuant to I.R.C.P. 81(n). Judgment again was entered for the homeowners. Anderson appealed to the district court. The district judge, sitting in his appellate capacity, affirmed the magistrate's judgment with a proviso that, upon remand, the magistrate explicitly find whether Anderson had, in fact, attributed the cracking problem to the adhesive. The magistrate promptly entered additional findings in support of the judgment. Anderson then filed an unusual notice of appeal, stating that the appeal was taken from the district court's decision "as supplemented" by the magistrate's additional findings. So far as the record shows, these additional findings were not challenged in the district court before the instant appeal was filed. Consequently, we will not entertain such a challenge for the first time in our Court.

We will treat the additional findings as being factually correct.

Anderson asserts that the magistrate's findings of fact, taken as a whole, are clearly erroneous. The magistrate, in his original memorandum decision, found that the "only logical and likely cause" of the cracks in the tile was the application of the particular adhesive used by Anderson to bind the tiles to the underlying particle board surface. He found the evidence insufficient to support a theory Anderson urged at trial—that moisture from a nearby hot tub caused the particle board to swell, cracking the tiles. Anderson argues that these findings are not supported by the evidence. However, Anderson's argument ignores his own alleged acknowledgement that the cracking was caused by the adhesive he had used.

As noted above, the district court remanded for a clarification as to whether or not the magistrate believed the testimony of homeowner Art Daniels that Anderson had made such a statement. The magistrate found:

> Plaintiff's testimony that Defendant had admitted to him that he had not secured the particle board to the floor and that the [adhesive] had caused the particle board to contract in the curing but that he could not bear the cost of damage is credible, persuasive and provides significant support for Plaintiff's contentions.

Such a finding of fact will not be disturbed on appeal unless it is clearly erroneous. Clear error, in turn, will not be deemed to exist if the findings are supported by substantial and competent, though conflicting, evidence. *Rasmussen v. Martin*, 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). Even if we were not constrained by the unusual nature of this appeal to accept the magistrate's additional finding, we would still give due regard to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it. I.R.C.P. 52(a).

■ In a civil action, a party's extrajudicial admission is substantive evidence of the existence of the matter admitted. A finding of the existence of the matter admitted may be based upon such admission alone. *Mobile County v. Brantley*, 507 So.2d 483 (Ala.1987). *See also Kupka v. Dickson*, 72 Wash.2d 217, 432 P.2d 657 (1967). Here, Art Daniels' testimony as to Anderson's statements was substantial evidence concerning the cause of the cracking.

■ We recognize that the evidence was disputed. But the task of weighing conflicting evidence is committed to the trial court, not to the appellate court. *E.g., Angleton v. Angleton*, 84 Idaho 184, 370 P.2d 788 (1962). The trial court also is the arbiter of the weight, if any, ascribed to expert opinion testimony. *Simpson v. Johnson*, 100 Idaho 357, 597 P.2d 600 (1979). We are not authorized to overturn a trial court's findings of fact, supported by substantial evidence, even though we might have weighed the evidence differently had we sat as trial judges. *E.g., Cox v. Cox*, 84 Idaho 513, 373 P.2d 929 (1962); *Challis Irrigation Co. v. State*, 107 Idaho 338, 689 P.2d 230 (Ct.App.1984).

Anderson next contends that the facts as found by the magistrate do not constitute a breach of contract. We exercise free review over this mixed issue of law and fact. *See generally* IDAHO APPELLATE HANDBOOK, *Standards of Appellate Review in State and Federal Courts*, § 3.2.2 (Idaho Law Foundation, Inc. 1985).

■ A breach of contract occurs when there is a failure to perform a contractual duty. J. CALAMARI & J. PERILLO, THE LAW OF CONTRACTS § 12–1 (2d ed. 1977). The magistrate concluded that Anderson had breached the contract because he failed properly to install the tiles. The magistrate implicitly held that the contract imposed a duty to install the tiles correctly. As a corollary, Anderson was obliged to use an appropriate type of adhesive. We find no error in the magistrate's determination that a contractual duty existed and was breached. Accordingly, we need not consider whether Anderson also breached a separate contractual obligation to guarantee his work for one year.

The decision of the district court, upholding entry of judgment in favor of Art and Carol Daniels, is affirmed. There being no appearance by respondents in this appeal, no costs or attorney fees are awarded.

WALTERS, C.J., concurs.

SWANSTROM, Judge, dissenting.

*Even if* we must accept the magistrate's supplemental finding as true, it does not support the homeowners' theory of the cause of the tile breakage. Contraction of the particle board underlayment caused by the adhesive would not produce the result complained of by the Daniels, according to the only expert testimony offered on this subject. This leaves only the testimony of the two experts testifying for Anderson. They attributed the swelling and bowing of the particle board to moisture seeping from a nearby hot tub into wooden flooring and underlayment.