130 So.2d 363

Lorraine SNELLINGS

v.

J. Frank SNELLINGS, Jr.

4 Div. 33.

Supreme Court of Alabama.

May 25, 1961.

Roy H. Phillips, Phenix City, for appellee.

Chas. H. McCann, Seale, for appellant.

GOODWYN, Justice.

This is an appeal by the mother from a decree of the circuit court of Russell County, in equity, modifying a divorce decree with respect to the right of the father to have the parties' two minor sons, 15 and 12 years of age, visit with him. In this proceeding the wife filed a petition to have the father, appellee here, adjudged in contempt of court for failure to make the support payments called for by the divorce decree. After the father made the past due payments the trial court held that he had purged himself of the contempt charge. No question as to that ruling is presented on this appeal.

The record is filled with considerable testimony which appears to have little bearing on the real issues before us, which are: (1) Whether the evidence shows such a change in conditions since the date of the divorce decree which would authorize a modification of the visitation rights given to the father, and (2) whether the court erred in providing in the modified decree that the weekly support payments shall terminate and be cancelled "during such period that the child fails, refuses or is prevented from visiting with his father, J. Frank Snellings, Jr., in accord with the terms of this decree."

(1).

The original decree of divorce awarded custody of the two boys to the mother "with the right to the father to have said children visit and be with him at the home of his mother, Mrs. Maude I. Snellings, from 5:00 P.M. on Friday until 6:00 P.M. on Sunday every other week beginning on the 10th day of April 1959." The decree further provided that the father "is to have the children visit and be with him at the home of his mother during the first six weeks following the close of school in each and every succeeding year, unless the parties otherwise agree to change this period."

The modified decree continues to award custody to the mother but, with respect to the father's visitation rights, gives him the right "to have said children visit and be with him at his home or such other place as he may designate, from 5:00 P.M. on Friday until 6:00 P.M. on Sunday of every other week, beginning on the 9th day of January, 1960," and also "to have the children visit and be with him at his home or such other place as he may designate during the first six weeks following the close of school in each and every succeeding year, unless the parties otherwise agree to change this period."

At the time of the original divorce decree (April 3, 1959) the father was living with his mother in Phenix City. Apparently, this was the reason for the provision in the original decree providing for the father's visitation with the children at his mother's home. About June 11, 1959, the father married again, his new wife having three children. After his remarriage he moved to the house where his new wife was living. It was then that the difficulty about the boys visiting with their father came to a head. There seems to be no doubt that the boys do not want to visit their father at the home of his new wife. The position taken by the boys' mother, the appellant here, is that the trial court did not give due consideration to the boys' wishes and also that the living facilities at the father's home are not adequate for taking care of the boys particularly since the father's three stepchildren (two boys and a girl) are also living there.

■ We think the change in the father's residence is a sufficient change in conditions to justify the modification of the original decree, if, of course, such change is in the best interest of the children. As to this, we note that both the original

and the modification proceedings were heard by the same trial judge. In view of the favorable presumption attending his findings from the evidence taken ore tenus, we are not prepared to say that he erred to a reversal in decreeing the change in the father's visitation rights. In other words, we cannot say that his decision is palpably wrong. While the wishes of children of sufficient judgment are factors to be considered in awarding custody, they are not controlling since the governing consideration in every case is their best interest and welfare and they may not be the best judges as to that. McGregor v. McGregor, 257 Ala. 232, 236, 58 So.2d 457; Weems v. Weems, 255 Ala. 210, 214, 50 So.2d 428; Hill v. Gay, 252 Ala. 61, 62, 39 So.2d 384; Sparks v. Sparks, 249 Ala. 352, 353, 31 So.2d 313; Chandler v. Whatley, 238 Ala. 206, 211, 189 So. 751; Wright v. Price, 226 Ala. 591, 593, 147 So. 886; Garrett v. Mahaley, 199 Ala. 606, 608–609, 75 So. 10; Neville v. Reed, 134 Ala. 317, 320, 32 So. 659, 92 Am. St.Rep. 35.

(2).

The original divorce decree also provided that the father pay $45 per week to the mother for the support of the two children except during the six weeks period in which the father "exercises custody of the children in accord with the provisions of this decree."

With respect to the weekly support payments, the modified decree provides for payment by the father of "the sum of $22.50 per week for the support of each of the minor children" and continues his exemption from making the support payments during the six weeks he has custody. The decree of modification also contains this provision:

"In the event the said children, or either of them, fail or refuse, or are prohibited from complying with the terms of paragraph Three of this Decree, as Modified, then, and in that event, the support as to the children, or to the particular child failing or being prevented from complying with this Decree, shall terminate and be cancelled during such period that the child fails, refuses or is prevented from visiting with his father, J. Frank Snellings, Jr., in accordance with the terms of this Decree."

It seems apparent that the action of the trial court, in providing for cancellation of the support payments upon refusal or failure of the boys to visit with their father, was for the purpose of compelling obedience to the decree providing for such visitation. From the evidence, the trial court would be justified in concluding that the boys' visits with their father will be made reluctantly.

Our specific concern here is not with the father's obligation to furnish necessities to the two boys but with an allowance to the mother for their support and maintenance growing out of an award of their custody. We have held that such an allowance "is not necessarily obligatory but rests in the sound discretion of the court and is to be determined from all the facts and circumstances in the case." See Butler v. Butler, 254 Ala. 375, 377, 48 So.2d 318, 319; 17A, Am.Jur., Divorce and Separation, § 851, p. 41. No question is presented as to the appropriateness of the allowance made, but only whether the court erred in providing, as a condition to its payment, that the boys comply with that part of the decree giving the father certain visitorial and custodial rights.

The obvious effect of the condition is to coerce the boys into making the visits to their father and also to encourage the mother's cooperation to that end. There is ample basis in the evidence for the trial court's apprehension that its decree, with respect to the father's rights of visitation and custody, might not, at all times, be complied with in good faith. Under the circumstances, we cannot say that the trial court abused its discretion in including this coercive provision in its decree. As said in Ex parte Hill, 229 Ala. 501, 504, 158 So. 531, 532:

" * * * [A] court of equity has wide discretionary powers to enforce its orders, and they are so expressly granted by statute. Section 8576(3), Code [of 1923; Code 1940, Tit. 13, § 4], gives every court the power 'to compel obedience to its judgments,' * * *.

* * * * * *

"The extent to which the court may go in enforcing its decrees is dependent upon the circumstances of each case, and is within its discretion, reviewable here. * * *"

Of the cases which have come to our attention, perhaps the closest to the one now before us is Putnam v. Putnam, 136 Fla. 220, 186 So. 517, 518. In that case, the decree provided that the father (appellee) should have custody of the parties' minor daughter, M. Helene Putnam, during a part of each summer. It was decreed that in the event she refused to comply with the terms of the decree in that respect, all payments by her father for her care and maintenance would be suspended. In holding that the trial court did not err in so decreeing, the Supreme Court of Florida had this to say:

"[T]he Chancellor took testimony and found that appellee had in every respect complied with the decrees with respect to paying support and maintenance but that M. Helene Putnam had refused to go into his custody for the two months awarded and that she had asserted that she did not intend at any time to abide by the decree of the Court in that respect. The Chancellor also found that both appellant and appellee were fit and proper persons to have the custody of said minor.

"Had the Chancellor power to suspend the operation of his decree awarding support to M. Helene Putnam because she persistently and arbitrarily refused to obey the terms thereof by going into the custody of her father is in reality the only question involved in this appeal.

"It is shown that said minor is sixteen years of age, unusually keen, has made an exceptional record in high school, prefers to live with her mother, and does not intend to go into the custody of her father for two months as required by the decree of the Chancellor.

"It is contended that the decree suspending support and maintenance payments was also erroneous because M. Helene Putnam was not a party to the litigation. It is true that the said minor is not a party to the cause but she is at all times in the custody of and subject to the decree of the Court and has been affected by every decree made in the cause. She cannot through her mother implore the Court's protection in one breath and then in the next, deny its power over her because she is not an actual party in the litigation.

"The Court has a very broad discretion in the means employed to enforce its decrees. Other means might have been resorted to or employed to enforce recognition of his decree in this case but the means employed were not harsh; they were easy to comply with and no reason whatever is given by the minor or her mother for refusal to comply with the decree.

"It is shown that appellee is a fit and proper person to have the custody of his child, that he is given such custody only two months during vacation, and that he has for years met every requirement of the Court with reference to her support and maintenance. His decree was fair and just and, so far as the record discloses, was easy to comply with. Failure to do so must be based on something more than an arbitrary refusal; otherwise all decrees will be objects to flout rather than to obey."

We have given due consideration to the case of Walder v. Walder, 159 La. 231, 105 So. 300, relied on by appellant, and find that

it deals with a situation quite different from the one before us.

While we do not think the trial court abused its discretion in providing for a suspension of the support payments, we entertain the view that the decree should be modified to provide that the failure of either of the boys to visit with their father because of sickness or other unavoidable reason shall not exempt the father from making the support payments for such child. On oral argument, counsel for the father concurred in the appropriateness of such a provision. As so modified, the decree is due to be affirmed.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.