226 So.2d 308

**Jo Ann M. KILLINGSWORTH**

v.

**Marvin H. KILLINGSWORTH, Jr.**

3 Div. 405.

Supreme Court of Alabama.

Aug. 28, 1969.

Rehearings Denied Sept. 11, 1969.

Crenshaw & Waller, Montgomery, for appellant.

William B. Moore, Jr., Rushton, Stakely, Johnston & Garrett, Montgomery, for appellee.

BLOODWORTH, Justice.

This appeal is from a final decree granting the husband a divorce on the ground of cruelty, ordering a sale of jointly owned property, awarding both parties certain other property and attorneys' fees, and providing for payment of the court costs and the attorneys' fees out of the sale of jointly owned property.

This is the second appeal in this cause. After a former trial and decree in favor of the husband, the wife appealed and we reversed for failure of the trial court to require a clergyman, who had discussed the parties' marital troubles with them, to answer a question as to whether the husband had stated to him that the wife had threatened his life with a gun or knife. Killings-

worth v. Killingsworth, 283 Ala. 345, 217 So.2d 57.

After the reversal and remand, the wife filed a cross-bill seeking a divorce on the ground of adultery. The husband filed an answer to the cross-bill and at the trial each side offered evidence, the husband offering the transcript of the evidence on former trial. The wife sought to show that the appellant had committed adultery with one Mary Bruce Cox. The husband sought to show that the wife had committed physical cruelty against him. After the evidence was taken ore tenus, the trial judge rendered a final decree in favor of the husband, from which the wife appeals.

The wife argues that the case should be reversed, and particularly that the court erred in the following assignments of error: (1) In granting the husband a divorce; (2) in not granting the wife a divorce; (3) in failing to make a ruling on the cross-bill of the wife; (4), (5) and (6) in ordering a sale of the jointly owned property with right of survivorship; (7) and (8) in ordering the proceeds of the sale impressed with the payment of the husband's and wife's attorneys' fees; (9), (11) and (13) in ordering the payment of court costs from the proceeds of the sale; (10) in failing to tax the court costs on the former trial against the husband; (12) in failing to award the wife a reasonable attorney's fee to be paid by the husband; (17) in ordering a pistol delivered to the court; (15) and (16) in holding the wife in contempt; (14), (18), (19) and (20) in failing to order the deputy register to strike the transcript of the evidence in the former trial, in denying motion to correct the transcript, in decreeing that this transcript was properly received in evidence at the trial of this cause, and in finding the same was admitted by agreement.

After a careful consideration of these assignments of error, we are of the opinion that the trial court committed no error in the trial of this cause, except as respects the allowance and payment of attorneys' fees as will appear hereinafter.

The assignment of error (1) that the court erred in granting the husband a divorce for cruelty invites us to review the facts upon which the trial court based its decree. We have long held that there is a presumption in favor of the findings and conclusions of the trial court where testimony is taken ore tenus. We have also held that a decree based on these findings and conclusions will not be disturbed on appeal unless it appears they are plainly and palpably erroneous. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471.

Nevertheless, the wife contends the husband failed to present evidence to substantiate the allegations of cruelty alleged in his complaint. The opinion of this court in Killingsworth v. Killingsworth, supra, contains a detailed discussion of testimony presented on the former trial in this cause. The same evidence was re-introduced in this case. We see no good purpose to be served in setting out or reviewing all of the evidence adduced relative to the truth of the allegations of cruelty.

The trial court heard and saw the witnesses as they testified. It is our duty to affirm the trier of the facts if the "decree is fairly supported by credible evidence." Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281. We think the decree in this case is so supported.

In assignment of error (2), the wife complains that the trial court failed to grant her a divorce from the husband upon her cross-bill alleging adultery with one Mary Bruce Cox. The wife presented testimony of witnesses who had seen the husband's automobile parked in front of Mary Bruce Cox's house at various hours of the night and one witness had seen him leave the house between 6:30 and 7:30 a. m. This witness frankly admitted that her information was gained by "snooping" as she was a friend of the wife and felt she might need this information. The wife testified that on one evening she saw her husband

park at Mary Bruce Cox's house around 5:30 p. m., and that she remained there throughout the night until daybreak, during which time her husband did not leave the house.

The husband denied ever having spent the night at Mary Bruce Cox's house, although he admitted taking her and her sons to ball games and having dated her since August 1965. The husband denied ever having had sexual relations with her. Mary Bruce Cox herself testified that she was divorced and had been dating complainant regularly since 1965. She denies he has ever spent the night at her home, although his car has remained in front of her house on occasions when they were on a fishing trip. She admits having gone with him to football games and to the Zoo in Birmingham. She denies ever having had sexual relations with him.

While we do not condone the conduct of a husband who dates another woman while still married, we cannot say that the decree of the trial court was plainly and palpably wrong when it had the opportunity to see and hear the witnesses testify. As we have already indicated, we are of the opinion the "decree is fairly supported by creditable evidence". Dunlavy v. Dunlavy, supra.

In assignment of error (3), the wife complains that the trial court failed to make a ruling on her cross-bill. We do not consider there is any merit in this assignment as the trial court's decree affirmatively shows "Jo Ann M. Killingsworth is not entitled to a divorce under her cross-bill of complaint * * *."

In assignments of error (4), (5) and (6), the wife charges the trial court erred in ordering a sale of the home of the parties which they owned jointly with right of. survivorship. The wife relies on Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565.

In Bernhard, we held under a conveyance to the grantees, husband and wife, jointly with right of survivorship, it was intended that the entire interest should pass to the surviving grantee in fee simple. Therefore, we held the property was not subject to sale for division over one of the joint tenant's objection. Although, we pointed out, the division might be had during the joint lives of the tenants with consent of all the grantees.

Later, in Owens v. Owens, 281 Ala. 239, 201 So.2d 396, in a like instance of a joint tenancy with right of survivorship, we held that a division of the property could be ordered by the Chancellor in a divorce proceeding on the theory that the Chancellor, by having assumed jurisdiction in the divorce suit, is empowered to supply the consent of either party to a division of the property. We also held that in such a status that Bernhard has no application, viz:

"* * * for in that case [Bernhard] the action concerned the individual action of the parties with no power in the Chancellor to consent for either party to a division of the remainder.

"Equity grants full relief when it has jurisdiction on any equitable ground to grant any relief. Having assumed jurisdiction upon the invocation of the parties, the Chancellor will determine all the interrelated equities of the whole. * * *" Owens v. Owens, supra, at page 243, 201 So.2d at page 399.

The facts in this case are analogous to those in Owens v. Owens, supra. The parties owned the home jointly with the right of survivorship. Both parties, the husband by filing the bill, the wife by filing the cross-bill, have invoked the jurisdiction of the court. Thus, the Chancellor is empowered by his equity jurisdiction to supply a consent to the sale for either party. We think the trial court properly ordered a sale for division of the jointly owned home of the parties. We think the case of Bernhard v. Bernhard, supra, is inapplicable.

The wife also argues that the court erred in ordering the sale of the jointly owned property because it constituted her homestead. We find no merit in this assignment. Title 7, § 625, Code of Alabama 1940, as last amended, provides that the homestead, not exceeding $2,000 in value and in area 160 acres, shall be "exempt from levy and sale under execution or other process for the collection of debts". In the instant case, the land is not being sold under execution or other process for the collection of debts.

Likewise, what we have had to say above, with respect to the rationale in the case of Owens v. Owens, supra, is applicable. That is, the parties themselves could have divided the joint tenancy with survivorship by agreement and by invoking the jurisdiction of equity, the parties, in effect, empower the Chancellor by his equity jurisdiction to supply that which the parties could have themselves done.

With respect to assignments of error (7) and (8) that the trial court erred in ordering the joint property sold and the husband's and wife's attorneys' fees paid from the proceeds, we do not find any error therein, except as hereinafter appears.

The trial court's decree ordered the property to be sold. The husband's attorney was awarded an attorney's fee of $3,000, and the wife's attorney was awarded $3,000 plus an additional sum of $250 for costs incurred by the attorney. The court directed that from the proceeds of the sale the following should be paid: The court costs, the attorneys' fees, the sum of $8,875.62 to the wife provided that sum remained, and if not, then the balance to the wife; and, if after payment of the costs, attorneys' fees and the $8,875.62 to the wife, there is a balance remaining, to be divided equally.

The fixing of the amount of a wife's attorney's fee, as well as the question of alimony, is a matter which addresses itself to the sound discretion of the trial judge. Fitts v. Fitts, 283 Ala. 369, 217 So.2d 81; McDonald v. McDonald, 280 Ala. 299, 193 So.2d 519.

The wife objects to the award of $3,250 to her attorney being paid from the proceeds of jointly-owned property. She contends this requires her to pay one-half of her own attorney's fee. We agree.

In our judgment the trial court erred in making such an order under the circumstances of this case. The wife's attorney fee should be adjudged against the husband and the trial court's final decree should so state. We have said: "An allowance of * * * solicitor's fees grows out of the * * * legal obligation of the husband to support and maintain the wife * * *" Ex parte Tranum, 255 Ala. 143, 144, 50 So.2d 447, 448.

We might also conclude that the trial court erred in awarding the husband's attorney a fee in this suit, unless it be justified as an award of a fee for bringing joint property into suit and for services to the benefit of the common estate in the sale thereof. Upon such a theory, we do hold that an award may be made to the husband's attorney from the joint funds arising from the sale. Title 46, § 63, Code 1940, as last amended.

However, such fee must be limited to those services which are performed for the benefit of the common estate as distinguished from those performed for the husband individually. Graham v. Graham, 207 Ala. 648, 93 So. 660.

But, until the sale has taken place there can be no determination of the amount of the fee for the sales price is an essential factor in setting the fee. Thus the ascertainment of this fee at this time is premature and should be deferred until the sale is concluded. Graham v. Graham, supra.

The gist of assignments (9), (11) and (13), is that the trial court erred in ordering the property sold and the proceeds impressed.

with the court costs and attorneys' fees. We have already stated our views with respect to the action of the trial court in ordering payment of attorneys' fees from the joint funds, and there is no need to repeat them here.

▉ With respect to the court costs, the decree directs that "the court costs of this case as set out herein, the Deputy Register is directed to pay * * *" from the proceeds of the sale. The wife cites no case holding that the trial court may not tax costs against either or both parties or be apportioned between the parties in a divorce action, subject to correction for improper exercise of his discretion. Alabama Equity Rule 112; Rogers v. City of Mobile, 277 Ala. 261, 169 So.2d 282. We see no abuse or improper exercise of his discretion in this case and consider there is no error in the trial court's action. We do not consider the taxation of costs was unjust nor unfair. Walden v. Walden, 277 Ala. 459, 171 So.2d 851.

In assignment of error (10), the wife complains that the trial court erred in failing to tax all the costs on the former trial against the husband. The wife would apparently read the trial court's decree, that portion set out above, as taxing all of the costs in both cases. We do not consider the decree to so state. We read the trial court's decree to simply assess the costs on the retrial. Our mandate in reversing the first case clearly provided for payment of costs in that case, including the costs in this court, against the husband.

In assignment of error (12), the wife urges that the trial court erred in failing to award her attorney a fee in defense of the original bill and for prosecution of her cross-bill and in failing to order such fee to be paid by the husband. We have previously disposed of other assignments raising essentially the same issue and do not consider it is necessary to restate them here.

The wife urges in assignment of error (17) that the trial court committed reversible error in ordering a certain .22 calibre pistol delivered to the court. She says this amounts to a confiscation of her property, and that there is no provision in law for such an order. We have examined the record in this respect and believe the record supports the conclusion that the gun was lent to the wife by the husband for her protection. The husband himself requested the court to have the gun delivered to it. We do not see how the wife can complain of the court's ordering the husband's gun delivered to the court.

In assignments of error (15) and (16), the wife complains that the trial court erred in holding her in contempt and sentencing her to confinement in the county jail and fining her $50. The trial court found her in contempt when she refused to allow the husband to enter the house in order to remove certain items of personal property, as ordered in the trial court's decree.

▉ It is well-established in our jurisdiction that the proper remedy to seek a review of a contempt proceeding is by habeas corpus if the party is in jail, or by certiorari if the party is not. Appeal is not the proper remedy. Lovelady v. Lovelady, 281 Ala. 642, 206 So.2d 886.

Finally, in assignments of error (14), (18), (19), and (20), the wife claims the trial court erred in failing to order the deputy register to strike the transcript of evidence in the former trial, in denying her motion to correct the transcript, in decreeing the transcript was properly received in evidence, and in finding that the transcript was admitted by agreement.

She urges that this transcript was not offered as an exhibit, was not marked for identification, and was not submitted by stipulation, and therefore was improperly received in the trial court.

The record shows that at the beginning of the retrial, the husband's attorney announced in open court, that by "prior conference with the court and the attorneys of record," he was submitting, for the husband, the record of the prior trial. We note that the record was introduced in open court without any objection made thereto by the wife.

There is no record of what was said by the attorneys and the court at such "prior conference." The court itself considered the record of the prior trial to be "admitted by agreement," as it stated in its order denying a motion of the wife to correct the transcript (in this case) to "remove" this record of the prior hearing. We have said:

"* * * The purpose of such an agreement was of course to facilitate the hearing, save the time, trouble, and expense of examination of witnesses, and at the same time present to the court the essential facts upon which the decision is to turn. Such agreements are not to be given any strained and unnatural interpretation, but are to be reasonably construed in the light of the language used and the object to be obtained." Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 165, 149 So. 74, 76.

We have suggested that,

"In the interest of time and expense it is not out of order * * * that while a reversal * * * has the effect of setting aside the former submission and opening the case for retrial * * * it may be that all the relevant evidence is properly now in the record before the court. If this is true, the case can be resubmitted on the evidence which has been taken with the thought that the court should take into consideration the evidence which was rejected and to which we have referred." Southern Railway Company v. City of Birmingham, 271 Ala. 114, 117, 122 So.2d 599, 602.

While it would have been clearer had the record in this case positively shown that the record on the former trial was submitted by stipulation and agreement, it would appear, from the meager record before us, that it was so submitted.

The wife also argues that the record of the prior proceedings was not noted in the note of submission until after the trial court had rendered a decree nunc pro tunc, which granted the husband's motion to amend the note of submission so as to note this record. We are of the opinion that the note of submission was not necessary since the testimony was given orally, as in the instant case, before the very same trial judge with the same parties and attorneys present, and was transcribed and filed in the cause. Thompson v. Odom, 279 Ala. 211, 184 So.2d 120; Bowman v. Bowman, 274 Ala. 498, 150 So.2d 385.

We see no need to consider the husband's motion to strike certain of respondent's assignments of error in view of the conclusion we have reached.

We thus conclude there is no reversible error in the record requiring a new trial.

However, as we have already indicated, we do find there was error in adjudging the wife's attorney's fee out of joint funds as such fee should be adjudged against the husband alone. We also find there was error in adjudging an attorney's fee to the husband's attorney at this stage of the proceedings.

Let this cause be affirmed in part, and reversed and remanded in part with directions to the trial court to reframe its final decree in conformity with this opinion.

Affirmed in part, and reversed and remanded in part with directions.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.