235 So.2d 896

Joy Lanelle Martin NORTHCUTT

v.

James Bunyan NORTHCUTT.

5 Div. 11.

Court of Civil Appeals of Alabama.

May 6, 1970.

A. B. Foshee, Clanton, for appellant.

Reynolds & Reynolds, Clanton, for appellee.

WRIGHT, Judge.

The proceedings in the court below leading to this appeal began by filing of petition for divorce by Joy Northcutt against James Northcutt in the Chilton County Law & Equity Court on September 20, 1967. A decree of divorce was granted petitioner on the same date. The decree, in accordance with a written agreement between the parties, granted custody of the minor child, Jay Northcutt, three years of age, to the father, James Northcutt, with reasonable right of visitation to the mother.

On the 30th day of April 1968, a petition for modification was filed by Joy Northcutt. Issue therewith was joined by answer, and hearing ore tenus was held beginning September 13, 1968. After lengthy testimony and consideration of briefs filed, the court entered a decree on October 28, 1968, granting temporary custody of the child, Jay Northcutt, to the maternal grandmother, with specific times of visitation granted to both parents. (We inject here the observation that the grandmother to whom the custody was given was not a party to the petition and had in no way sought such custody.)

Application for rehearing, accompanied by brief and affidavits, was filed by James Northcutt. Counter affidavits, and counter-counter affidavits were filed by both parties. This action was in process from October 29, 1968, through June of 1969. The record does not reveal any ruling on the motion for rehearing.

On July 16, 1969, Joy Northcutt filed a petition to modify the decree of modification of October 28, 1969, seeking therein the custody of the minor child. Answer and cross-petition was filed by James Northcutt, which cross-petition sought the granting of custody to him. The respective petitions came to be heard orally by the court on August 28, 1969. It was stated, as agreed between counsel, that the testimony taken on the previous hearing, together with new testimony to be taken at the present hearing, would be submitted for the court's consideration under the pending petition and cross-petition. The court accepted the agreement and proceeded to again hear lengthy testimony as to changed conditions and circumstances.

A decree was entered by the court on September 23, 1969. By this decree, the decree of October 28, 1968, was modified in that custody was taken from the grandmother and granted to the father, James Northcutt, with certain periods of visitation by the child to the home of the mother in South Carolina specifically set out. Other right of reasonable visitation with the child was granted to the mother. A bond of $1,000, payable to the father, was required to be executed by the mother to insure the return of the child after visiting the mother in South Carolina. This bond was executed, taken and approved on September 24, 1969.

Application for rehearing was filed by Joy Northcutt on October 22, 1969. The application was taken under advisement and continued for sixty days by order of the court on October 23, 1969. Notice of appeal from the decree of September 23, 1969, was filed by Joy Northcutt on November 21, 1969, together with security for costs. Citation of appeal was issued to attorney for James Northcutt on December 2, 1969. Certificate of appeal was issued by the register on December 3, 1969.

A decree on the application for rehearing was entered December 11, 1969. This decree modified the decree of September 23, 1969, by granting to Joy Northcutt additional visitation privileges and set specific days and times for such privileges.

A motion to expunge from the record the decree on rehearing was filed by James Northcutt on December 16, 1969. A decree denying the motion was entered January 27, 1970.

The transcript of the record was filed by the register with the clerk of this Court on February 19, 1970.

Appellant filed 10 assignments of error. Seven of the assignments are addressed to the decree of September 23, 1969, and, in effect, charge that such decree is contrary to the evidence and the law. Three of the assignments charge error in the decree overruling the application for rehearing.

Appellee has filed 8 cross-assignments of error, four of which charge error in the decree of September 23, 1969, and, in effect, charge that the decree is contrary to the evidence and law. The other four assignments charge error in the decree on application for rehearing of December 11, 1969.

If the pleadings and procedures in the court below are confusing, we hasten to state that the family relationships of the parties are even more so.

The evidence discloses that the mother of appellant, Joy Martin Northcutt (now Johnson) was married to the father of appellee, James Northcutt. The father of James Northcutt is the stepfather of James Northcutt's former wife, Joy Northcutt. The mother of Joy Northcutt is the stepmother and former mother-in-law of James Northcutt, the maternal grandmother and the paternal step-grandmother of the child of Joy and James Northcutt, Jay Northcutt. The father of James Northcutt is the father-in-law and stepfather of Joy Northcutt, the paternal grandfather and the maternal step-grandfather of the child of Joy and James Northcutt.

To make the relationships more complex, during the process of the proceedings, the

mother, stepmother, stepmother-in-law, maternal grandmother and paternal step-grandmother, separated from the father, stepfather, step-father-in-law, paternal grandfather and maternal stepgrandfather.

Without further addition to the complexity of the case, we must hold that the only matter presented by this appeal is the decree of September 23, 1969. That is the final decree from which an appeal was taken. Any reference to the decree on application for rehearing is not properly before this Court, and assignments of error and cross-assignments of error addressed thereto are not for our consideration. The decree on the application for rehearing, since it modified the prior final decree, would, if not void, support an appeal. However, it was not appealed from by either party.

■ Under Equity Rule 62, the ruling or decree on application for rehearing will not support an appeal unless it modifies the final decree sought to be reconsidered. The decisions of our Supreme Court have declared such to be the rule. Campbell v. Rice, 244 Ala. 144, 12 So.2d 385; Whitman et al. v. Whitman et al., 253 Ala. 643, 46 So.2d 422; Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902. Even though not to be considered on appeal, the proceedings incident to the application for rehearing are properly included in the transcript, Campbell v. Rice, *supra*.

■ Although unnecessary to disposition of this appeal, we think we should comment upon the legality of the decree of the trial court on the application for rehearing. Since it modified the prior decree and could have been appealed from but was not, it is left standing to the confusion of both parties and court. For the purpose of aiding all concerned, we will state as dicta, that in our opinion the decree on application for rehearing is void for the following reason. The application was filed October 22, 1969, and presented to the judge on October 23, 1969. The judge entered an order on October 23, 1969, continuing consideration and ruling for sixty days. Notice of appeal and security for costs from the final decree were filed by appellant on November 21, 1969. The appeal was perfected and certified in all respects by December 3, 1969, while the application for rehearing was pending.

■ The decree on application for rehearing was subsequently entered on December 11, 1969. Thus, the decree was entered after the appeal. The appeal removed the cause from the jurisdiction of the court, and it had no right or power to act on the application for rehearing. United Ins. Co. of America v. Pounders, 279 Ala. 410, 186 So.2d 125; Smith v. Stoutomire, 283 Ala. 376, 217 So.2d 242. After an appeal is taken, a trial court cannot pass on any matter involved on appeal, but it may proceed in matters entirely collateral to that concerned in the appeal. Barran v. Roden, 263 Ala. 305, 82 So.2d 398; City of Birmingham v. Bouldin, 280 Ala. 85, 190 So.2d 279.

We now turn to appellant's applicable assignments of error. We have stated that these assignments charge that the decree of September 23, 1969, was contrary to the evidence and law.

■ The decree gave custody of the minor child, Jay Northcutt, to the father, James Northcutt, with certain periods of visitation to appellant. We see no necessity to discuss the large volume of testimony presented to the trial court. It is sufficient to state that it was without serious conflict to the effect that both parties were fit and suitable to have custody. Both parents obviously love the child. We will observe that the indication was that the mother expended great effort and traveled long distances to visit and be with the child. Both parents have remarried and are financially able to more than adequately care for the needs of the child. It is one of the great tragedies of a broken home that a choice must be made by the court as to the placing of custody between parents who do not care for one another, but love their child or children. The primary purpose of the court

is to serve the best interest and welfare of the child.

The question of the best interest of the child is never closed to the consideration of the court. If circumstances change, which require the court to reconsider its choice of custody, it will do so upon presentation of proper petition.

■ The scope of our review on appeal of the decree of the trial court is limited to an examination of that decree in light of the evidence, and to determine therefrom if the decree is plainly and palpably wrong. We cannot supplant the judgment of the trial court with our own, if any reasonable inference is presented from the evidence that the decree is correct. In fact, we review with the presumption that it is correct. The fact, if it is a fact, that we might have decided differently had we been the trial judge, is not sufficient for us to reverse. Carter v. Harbin, 279 Ala. 237, 184 So.2d 145; Snellings v. Snellings, 272 Ala. 254, 130 So.2d 363.

■ After careful examination of the evidence and giving it serious consideration, we cannot hold the decree to be contrary to the credible evidence nor to the law. The errors charged by appellant are not well taken.

Since the cross-assignments of error by appellee are of the same import as those of appellant, being merely addressed to different aspects of the decree, our view as to the charged errors by appellee is the same as to those of appellant.

Certainly, the most patient and able trial judge, attempted by his decree, to balance the equities between the parties while protecting the welfare of the child. Surely, the parents of this little child, while professing love for him, should do no less. This child has been pushed and pulled back and forth between angry parents, grandparents and other relatives for nearly three years. Let there be an end to it and peace in the valley.

The motion of appellee to dismiss the appeal is denied.

The decree of the court below is

Affirmed.