237 So.2d 507

**Cheryl Collins PORTER**

v.

**Thomas Lowery PORTER.**

**6 Div. 60.**

Court of Civil Appeals of Alabama.

June 30, 1970.

Tweedy, Jackson & Beech, Jasper, for appellant.

**24**

Nolen & Enslen and Nolen & Junkin, Fayette, Fite, Davis & Fite, Hamilton, for appellee.

BRADLEY, Judge.

Appellant, Cheryl Collins Porter, and appellee, Thomas Lowery Porter, were married in January 1965, and divorced in 1967. The divorce was granted to the appellant on account of appellee's cruelty.

There was born to this marriage a girl child, Lisa Renee Porter, now the subject of this controversy.

In the original divorce decree the court granted custody of Lisa to the parents and prescribed how that custody was to be managed.

Apparently this arrangement was unsatisfactory to the parties, for the appellant filed a petition asking for a modification of the decree in the Circuit Court of Fayette County, so that full custody of the child would be given to her with reasonable visitation rights to be given to the appellee.

A demurrer was filed to the petition and it was overruled; then an answer was filed, and a trial was conducted at which both sides offered evidence to support their contentions.

After the trial had been completed, the court rendered a decree reposing custody of Lisa in the appellant and appellee, with more specific directions as to how said custody should be exercised.

The appellant filed her appeal from this decree and assigned thirteen grounds of error.

All of the assignments except three were directed at the decree; the other three related to non-existent evidence being relied on by the court in its decree, custody rights being placed in both sets of grandparents, and the reception into evidence of testimony by an alleged paramour of the appellant, that he had, on several occasions rendezvoused with appellant prior to her divorce, at a secluded spot out from Fayette, Alabama.

After the appeal was filed in this court, appellee filed a motion to dismiss said appeal on the ground that the decree was not such a final decree as would support an appeal.

After appellee filed his motion to dismiss the appeal, appellant filed a petition seeking the issuance of an alternative writ of mandamus on the theory that should this court decide that the decree of the trial court was interlocutory rather than final, mandamus rather than appeal would be the proper vehicle for review.

After due consideration, we are of the opinion that the motion to dismiss the appeal has no merit, and should be overruled.

The decree of the trial court, rendered after an evidentiary hearing based on the pleadings filed seeking a modification of that part of the 1967 divorce decree which related to the custody of the minor child, was a final decree so far as the issues raised by the pleadings and proof are concerned, and therefore would support an appeal therefrom. Gayle v. Gayle, 220 Ala. 400, 125 So. 638. Consequently, the alternative writ of mandamus is not necessary for a review of this case.

As to the assignments of error contending that the trial court's decree was in error, we would point out that much discretion is reposed in the trial court when it is attempting to settle visitation rights of parents with divided custody of children. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772.

Furthermore, where evidence is heard orally by the trial court, the findings of that court have the effect of a jury's verdict and will not be disturbed on appeal, unless plainly and palpably erroneous, whether it be at law or in equity. Norton v. Norton, 280 Ala. 307, 193 So.2d 750.

Also, this court in Northcutt v. Northcutt, 45 Ala.App. 646, 235 So.2d 896, May 6, 1970, said:

"* * * We cannot supplant the judgment of the trial court with our own, if any reasonable inference is presented from the evidence that the decree is correct. In fact, we review with the presumption that it is correct. The fact, if it is a fact, that we might have decided differently had we been the trial judge, is not sufficient for us to reverse. Carter v. Harbin, 279 Ala. 237, 184 So.2d 145; Snellings v. Snellings, 272 Ala. 254, 130 So.2d 363."

We have carefully read the evidence contained in the transcript of this case, and, although the evidence concerning the adjustment of the child was in conflict, we cannot say that the findings of the court were "plainly and palpably erroneous." Therefore, we are of the opinion that the assignments of error attacking the decree are not well taken.

Appellant, in her assignment of error number twelve, contended the court erred in relying on excerpts from a letter written by Dr. Fritz Kant concerning the child, as evidence in the case, when, in fact, Dr. Kant was not a witness.

Dr. Kant did not testify in the case as a witness, but excerpts from a letter written by him concerning the child, Lisa, were read aloud by a witness, Dr. Inez Fowler, and she was asked if she would comment on the statements made by Dr. Kant and she did so comment.

Although we consider the finding by the trial court in its decree that evidence had been supplied in the case by Dr. Kant was erroneous, it was not such error as would warrant a reversal of this case. Supreme Court Rule 45. There was ample evidence to support the court's finding on the point in question without specific reference to the contents of Dr. Kant's letter.

Appellant, in her assignment of error number ten says that the trial court erred in placing custody rights in the parents of the appellee.

In its decree, the trial court specifically placed custody of the child in the parents, appellant and appellee, but the court went into great detail in prescribing how the custody rights of each parent shall be exercised. And, in so doing, said that the parents of both appellant and appellee could exercise the custody rights of the parents of Lisa whenever it was time for one or the other of Lisa's parents to have her custody.

The evidence clearly revealed that the appellee worked during the day and lived with his parents, hence it would be normal and natural to permit the grandparents to pick up their granddaughter when it was their son's time to have her custody because she would be staying in their house during that period anyway.

By the same token, this same privilege was accorded appellant's parents when she had custody of the child.

It was shown by the evidence that although she was not working at the time of the hearing, appellant had worked subsequent to her separation and divorce from appellee and had, since such time, been living with her parents. It would only be natural to assume that appellant's parents cared for the child during her absence from their house for whatever purpose, and would wish to have the privilege of exercising the custody rights of their daughter at those times when she might be unable to pick up the child from the other parent's house.

We find no error in this aspect of the case.

In her assignment of error number thirteen, appellant says the trial court erred in permitting Douglas Rasberry, an alleged paramour, to testify, over her objections, that, prior to her divorce from appellee, she had met him at a secluded spot in Fayette County.

The objection was based on allegations set out in a cross-bill filed by appellee in the original divorce proceeding contending that appellant had committed adultery with Douglas Rasberry prior to the filing of her petition seeking a divorce from appellee.

However, the decree of the court in the original divorce proceeding discloses that the trial court considered only the Answer and Waiver of respondent (appellee here) and the testimony noted by the Register. There was no mention made in the decree of the cross-bill filed by the respondent (appellee here), but in the transcript of the proceedings of the case now before us, it was shown that appellee dismissed his cross-bill and made no effort to introduce testimony in support of it.

There was then no issue of adultery on the part of appellant before the trial court at the divorce hearing, and the trial court could not have known about it at that time.

■ When the fact of adultery is known but not disclosed to the trial court in the proceeding for divorce, such fact is pertinent evidence in a hearing on the custody of a child resulting from the marriage of the divorced parties. Britt v. Britt, 281 Ala. 217, 201 So.2d 54.

■ The testimony of Douglas Rasberry concerning his relationship with appellant prior to her divorce was properly received into evidence by the trial court on the ground that this evidence would relate to the fitness of appellant to have custody of her child. The trial court did not err in receiving these statements into evidence.

Having found no reversible error in this case, we affirm it.

Motion to dismiss overruled; mandamus denied.

Affirmed.