252 So.2d 97

James N. GREEN

v.

Veteria GREEN.

7 Div. 33.

Court of Civil Appeals of Alabama.

Aug. 25, 1971.

Hobdy G. Rains, Gadsden, for appellant.

WRIGHT, Judge.

The trial below was on a petition to modify a divorce granted between the parties on October 14, 1969. By the decree of divorce custody of the five children of the parties was granted to the mother by agreement.

Since the divorce, the older child has married. The younger children have by either their own wish or with consent of the mother spent a large portion of the time with the father. The children vary in age from 16 years down to 2½ years. The moving back and forth at will between the parents has apparently been without the usual controversy. The father has remarried and has a small child by the new wife. The mother has not remarried but at the time of the ore tenus hearing was engaged to be married.

The father brought the petition seeking modification of the original decree and requested full custody of all the children. We see no purpose to be served by setting out the details of the testimony. It is not clear why the petition to modify was brought since it appears that petitioner exercised custody of the children fully when

**172**

he desired. Certainly there is no indication from the testimony that he was ever denied custody at any time.

On the other hand, it is not clear why the mother objected to transfer of legal custody since there is no indication that she ever objected to the children staying with the father when they chose to do so. In fact, there appeared to be many occasions when she was absent from home for periods when she desired their staying elsewhere.

The court after hearing the testimony denied the petition of the father to modify upon the stated basis that from the evidence he could see no need for change. It is from the decree denying relief that petitioner below appeals and becomes appellant here. On appeal the decree is assigned as error in its entirety, and appellant contends that the petition was fully supported by the evidence and the law and the decree is contrary thereto.

 We have carefully reviewed the transcript and decree with the principle in mind that accompanies all reviews on appeal from a decree of the trial court rendered from testimony ore tenus. That principle is that the findings and conclusions of the trial judge will not be disturbed unless clearly wrong and unjust. Talley v. Lott, 283 Ala. 499, 218 So.2d 828. In a decree involving the custody of children our consideration of the justice or injustice of the decree is not limited to the relative position of the parents as to which may be right or which may be wrong, but our view is both broadened and narrowed by the dominant question of what is for the best interest of the children. Such consideration was for the trial court in the first place. Unless the evidence is such as to indicate that the trial court palpably failed to render the decree with such consideration uppermost, we may not supplant its judgment with our own in the second place. Jenkins v. Jenkins, 45 Ala.App. 500, 232 So.2d 680; Northcutt v. Northcutt, 45 Ala.App. 646, 235 So.2d 896.

We read with interest the remarks of the judge made as to his conclusions before entering the decree. His conclusions from the evidence appear to us to be fair and accurate. We find no cause for reversal.

Affirmed.