265 So.2d 877

Paul S. FOX

v.

Auttie Turner FOX.

8 Div. 86.

Court of Civil Appeals of Alabama.

Aug. 2, 1972.

Campbell & Campbell, Scottsboro, for appellee.

Thomas & Proctor, Scottsboro, for appellant.

HOLMES, Judge.

This is an appeal from a decree of divorce in favor of appellant. The only matter involved in this appeal is the disposition of the real property by the decree.

The cause originated by a bill for an absolute divorce filed by appellant, Paul S. Fox, alleging cruelty as his ground for divorce. The bill was later amended to include voluntary abandonment as a ground. Appellee filed an answer and cross-bill alleging cruelty and abandonment. In her cross-bill appellee prayed that an equitable division be made of the real estate of the parties and, by amendment to her cross-bill, prayed that the real estate be sold at public sale and the proceeds distributed as the court deemed equitable. Appellant made no specific prayer for an equitable division of the real property, but did, in his bill of complaint, list and enumerate the real property owned by the parties and made a general prayer for relief.

A trial was had *ore tenus*, and the record reveals that the parties owned an eighty-acre farm located at the foot of Sand Mountain and a house and store building situated on two lots in the city of Bridgeport, Alabama. Both the farm and real property in Bridgeport were owned by appellant and appellee as joint tenants with the right of survivorship. Appellant testified that the fair market value of the farm was between $8,500 and $9,000. A real estate dealer testified the property in Bridgeport was worth $8,500 to $9,000 and the farm $11,000 to $11,500.

The final decree granted appellant a divorce and ordered appellant to convey to appellee his interest in the aforementioned eighty-acre farm and the court's order further stated that appellee was to convey her interest in the Bridgeport property to appellant.

Appellant makes some thirteen assignments of error, but argues only three, thereby waiving the remainder. Rule 9, Revised Rules Of The Supreme Court of Alabama.

The three assignments of error argued read as follows:

"6. The trial court erred in concluding that the real property of the appellant and appellee could be equitable [sic] divided for the testimony is otherwise.

"7. The trial court erred in disposing of the real property of the appellant and the appellee on a theory of equitable division.

"8. The trial court erred in disturbing the joint titles with right of survivorship in the manner employed in the case."

All three assignments of error are argued jointly and the thrust of appellee's argument is that the different parcels of land were of varying value and should have been adjusted by paying owelty, and because of the ownership of the property being joint with the right of survivorship there could be no division.

In Killingsworth v. Killingsworth, 284 Ala. 524, 528, 226 So.2d 308, the court stated:

". . . in a like instance of a joint tenancy with right of survivorship, we held that a division of the property could be ordered by the Chancellor in a divorce proceeding on the theory that the Chancellor, by having assumed jurisdiction in the divorce suit, is empowered to supply the consent of either party to a division of the property. We also held that in such a status that *Bernhard* [v. Bernhard, 278 Ala. 240, 177 So.2d 565] has no application . . ."

Also in accord with the above are Owens v. Owens, 281 Ala. 239, 201 So.2d 396; Davis v. Davis, 46 Ala.App. 438, 243 So.2d 522; Body v. Body, 47 Ala.App. 443, 256 So. 2d 184.

Here, as in Killingsworth v. Killingsworth, supra, the parties invoked the jurisdiction of equity. They, the parties, could have divided the property by agreement. The court, sitting in equity, is empowered by its equity jurisdiction to supply such agreement for either party. In this matter it did, and we cannot say the trial court was plainly and palpably erroneous.

There is testimony in the record that appellant received to his own use and to the exclusion of appellee certain personal property, including $1,500 in cash and $2,000 in savings bonds. While the trial court, in its order, did not mention these items it can be assumed the trial court considered these in making a distribution of the real property. Further, the testimony could lead to the conclusion that the parcels of land in question were of equal value.

Where the evidence in equity is taken *ore tenus* there is a presumption in favor of the findings and conclusion of the trial court and a decree based on these findings and conclusions will not be disturbed on appeal unless it appears they are plainly and palpably erroneous. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471; Killingsworth v. Killingsworth, supra; Belcher v. Belcher, 284 Ala. 254, 224 So.2d 613.

The trial court heard and saw the witnesses. Much must therefore be left to its discretion. Adams v. Adams, 229 Ala. 588, 159 So. 80.

Certainly, we can find nothing arbitrary in the trial court's result. The decree is therefore due to be affirmed.

Affirmed.

WRIGHT, P. J., concurs.

BRADLEY, J., not sitting.