286 So.2d 863

**Marjorie G. HALLMAN**

v.

**William E. HALLMAN.**

**Civ. 212.**

Court of Civil Appeals of Alabama.

Nov. 14, 1973.

Rehearing Denied Dec. 5, 1973.

Capell, Howard, Knabe & Cobbs, P. A., Montgomery, for appellant.

Bishop N. Barron, Montgomery, for appellee.

WRIGHT, Presiding Judge.

This is a divorce case wherein the parties were divorced because of incompatability. Property settlement was made, alimony granted to the wife, with attorney fees and cost assessed against the husband.

The wife, Marjorie G. Hallman, appeals assigning as error and abuse of discretion by the court in making the property settlement, and in the amount of alimony provided.

The parties were married in 1939. There were three daughters born of the marriage. The husband is retired from the Army after a thirty year service. There are few specific matters in evidence relative to the incompatability of the parties. It is clear that the bloom faded from the marriage at an early date. Though there were three daughters born of the union, it appears from the tenor of the evidence there was tolerance and resignation rather than love between the parties. Appellant seemingly felt unappreciated and left out of the decisions of the husband. In response, she declared an intention of abandoning the marriage relationship as soon as the children finished high school.

She carried out such intention in 1968, moving from the home, leaving the husband and the two unmarried girls. Appellant lived apart, neither receiving nor requesting support from the appellee for some three years prior to the filing of her petition for divorce.

The evidence showed that appellant worked in her mother's business after leaving appellee. Her income for 1969 was over $9000, and for 1971 over $14000. She owned stock in two corporations organized by her mother. The original investment in the corporation came from funds obtained through the sale of a home in South Carolina, and such investment was with the approval of appellee. The estimated value of her total stock at the time of the decree was over $27000. Appellant had an automobile and furnishings for her apartment. She had some $5300 in cash. Her health is good and she is employable.

. Appellee owns the home where he and his family lived. He owns a cottage on the lake. The appraised value of the two properties is $39,500. Indebtedness against these properties is $3,650. He owns an automobile with an indebtedness of some $2500. He has insurance policies with cash value but he had previously borrowed almost the full cash value on these policies. He has other personal property including furniture, boats, guns and a truck. At the time of the hearing he had around $3000 in cash. Appellee draws $1,029.99 monthly retirement and $51 monthly from the Veterans Administration for a disability. He works part time for his ex-wife's mother and brother, grossing about $40 a week.

By its decree, the trial court gave to appellant all of the stock and various furnishings, books, dishes and other items which she requested. She was granted $200 a month as alimony. The home and cottage were given to appellee and he was directed to pay costs and $600 to appellant for her attorney's fee.

**462**

## ON MOTION

The argument of appellant for reversal of the decree below is that the division of property and the allowance of alimony was unjust in light of the evidence. In support of her argument appellant has set out in narrative form the testimony of the witnesses. Such narrative, together with the other portions of the brief, total 51 pages.

■ Appellee has moved to strike appellant's brief saying that it is in violation of Rule 8, Supreme Court Revised Rules. We deny appellee's motion. We consider that appellant properly complied with Supreme Court Rule 9 when she included under the "Statement of Facts" portion of her brief a narrative statement of the testimony of the witnesses. Such was necessary to properly support the assignments of error argued. Such assignments were in effect that the decree of the court was not supported by the evidence. Therefore Rule 8 was not violated. We would further observe that regardless of the requirements of Rule 8, we would not strike a brief that was in substantial compliance therewith.

## ON MERITS

■ Division of property and fixing of alimony in a divorce case is within the sound discretion of the trial court. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. The exercise of such discretion is reviewable only for determination of palpable error and abuse. In reviewing the decree of the trial court, such decree is presumed correct where the witnesses were heard by the court. Fox v. Fox, 48 Ala.App. 437, 265 So.2d 877. Such presumption of correctness is not overcome until upon consideration of all the evidence, the reviewing court determines the decree to be so contrary to and unsupported by the evidence as to be clearly wrong and unjust. Green v. Green, 47 Ala.App. 171, 252 So.2d 97.

■ We have carefully considered the evidence and argument of appellant. We will not supplant the judgment of the trial judge with our own, for we do not find his judgment to be clearly wrong and unjust under the evidence. Krieger v. Krieger, 276 Ala. 466, 163 So.2d 623; Porter v. Porter, 46 Ala.App. 22, 237 So.2d 507.

The decree below is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.