314 So.2d 707

Eunice SUTTON

v.

Wayne L. SUTTON.

Civ. 458, Civ. 458–X.

Court of Civil Appeals of Alabama.

June 11, 1975.

T. J. Carnes, Albertville, for appellee.

J. A. Hornsby and Roy D. McCord, Gadsden, for appellant.

HOLMES, Judge.

This is a divorce case.

Appellant-wife appeals the custody award of the four minor children to appellee-husband and the trial court's action in its division of property and/or award of alimony. Additionally, appellee-husband, by cross appeal, presents issues to this court relating to child support, division of personal property, and the taking of additional testimony after both parties have rested.

The tendencies of the evidence, as revealed by the record, are as follows:

Appellant-wife is forty-one years old and works for Monsanto. She received $7,654.73 in salary in 1973.

Appellee-husband is a forty-two year old retired career serviceman. He receives $411 a month military retirement and $50 a month disability payment. Additionally, he now runs a chicken farm and in 1973 made $5,600 from this source.

The couple have been married twenty-two years and have seven children, four at this time being minors. The marriage has been, to say the least, "stormy." In fact, the couple previously were divorced from each other but, subsequently, remarried. The testimony, much of which is in direct conflict, indicates an atmosphere of physical and verbal abuse by the parties toward each other.

The parties owned a home in Florida with a mortgage of $8,500 and a value of $14,000 to $18,000. They also owned forty-six acres in Alabama. This land contains a home and a chicken house. The cost of the land, home, and chicken house was approximately $46,000. It appears from the record that the value now is about $65,000. The couple also owned personal property accumulated during twenty-two years of marriage.

The evidence indicates debts in the approximate amount of $50,000, chief among these are the following: a mortgage on the Florida residence, secured to help pay for the farm of $8,500 with monthly payments of $68.48 for twenty years; a loan from the Federal Land Bank for approximately $30,000 with semi-annual payments of $1,499; a debt of $5,733 with payments of $477 every four months owed to the Huntsville Production Credit Association.

After a hearing *ore tenus* the trial judge entered a decree dissolving the bonds of matrimony between the parties on account of incompatibility and irretrievable breakdown of the marriage. The custody of the four minor boys was awarded to the appel-

lee-father with visitation rights for appellant. Additionally, appellant-mother received visitation and/or custody of the two youngest minor children for the summer months. Appellee is to pay $300 for the support of these two children during the summer months while they are with appellant and he, in turn, received reasonable visitation rights during this summer period.

In the property settlement, appellant received the residence in Florida and also the bulk of the personal property. Appellee received the remainder of the personal property including farm equipment and the forty-six acre farm in Alabama with the home and chicken house. Appellee is also responsible for the aforementioned debts.

Following a series of post-decree motions and arguments appeal was perfected to this court.

I

The first contention raised by appellant's argued assignments of error is that the trial court erred in awarding custody and control of the four minor boys to appellee-father.

As is so often stated by this court, in cases involving child custody the paramount issue is the best interest of the child. *Linderman v. Linderman*, 49 Ala. App. 662, 275 So.2d 342.

The evidence as to the relative attributes of either party as a parent is contradictory and bitter, replete with harsh accusations and counter-accusations. Even the children are divided in their loyalties and preferences.

We specifically note that two of the minor children, ages sixteen and fourteen, testified and both expressed strong preferences to be with their father. Their wishes are entitled to much weight. *Weems v. Weems*, 255 Ala. 210, 50 So.2d 428. Furthermore, there is merit in keep-

ing the four boys together. There is merit in keeping the four boys together. There is also some evidence of what appears to be abandonment of the children by the mother for a few months prior to the trial.

■ Applying the guiding principle of best interest for the child to the facts of this case, with a view to presumption of correctness attendant in this type case, *Blankenship v. Blankenship*, 266 Ala. 182, 94 So.2d 743, this court cannot say the trial judge erred in his award. To do so would be to substitute our own judgment for that of the trial judge. This the law will not allow. *Scott Paper Co. v. Novay Cherry Barge Service, Inc.*, 48 Ala.App. 368, 265 So.2d 150.

The second issue raised by appellant's argued assignments of error is that the trial judge erred in his division of property and/or his failure to award sufficient alimony to appellant.

This portion of the decree, in making award to appellant, is styled, "a division of property and as alimony in gross." It is not necessary for this court to determine whether it is indeed a division of property or alimony in gross. *Eubanks v. Eubanks*, 52 Ala.App. 224, 291 So.2d 159.

■ The fixing of alimony and a division of property is within the sound discretion of the trial judge in a divorce case. *Killingsworth v. Killingsworth*, 284 Ala. 524, 226 So.2d 308.

■ The evidence reveals that appellant received the residence in Florida with a value of $14,000 to $18,000. There is a mortgage on the home but appellee and not appellant is responsible for the repayment. Appellant also makes approximately $8,000 a year. Appellee did receive a forty-six acre farm with a home and a chicken house which, from the evidence, could have a value of $65,000. Also, his income is not much more than that of appellant—approx-

imately $10,000 a year. He is also liable for debts of about $50,000 in addition to the care, maintenance, and support of the four minor boys We find no reversible error by the trial judge in his property division and failure to award alimony.

II

■ The first issue presented by appellee's cross appeal is that the court erred in ordering the appellee to pay the appellant $300 a year for support of the two youngest children while they are with her during the summer.

■ We find no error. The primary duty of support of a minor child falls upon the father. This applies both during the marriage and upon dissolution by court decree. *Brock v. Brock*, 281 Ala. 525, 205 So.2d 903.

■ The next contention raised by appellee is that the court erred in its division of property and award of alimony. As already noted, the division of property and fixing of alimony in a divorce case is within the sound discretion of the trial court, and the exercise of such discretion is reviewable only for determination of palpable error and abuse. *Hallman v. Hallman*, 51 Ala.App. 460, 286 So.2d 863.

Specifically, appellee's objections are directed toward the division of personal property and the requiring of appellee to pay off all the debts of the parties, including that of the Florida home awarded to appellant.

As for the personal property, a list of ninety-one items was submitted to the judge. Evidence was heard on each item and then an award made of the individual items. We cannot reverse the judge on the division of these items, either individually or collectively, without substituting our

**258**

own judgment. As already noted, this we cannot do.

 Nor do we find error in holding appellee liable for all debts, including that on the home awarded appellant. Most, if not all these debts, are directly connected with the purchase of the farm and establishment of the chicken house, which property was awarded appellee. We specifically note that the home awarded appellant, the mortgage for which appellee is responsible, was in fact a paid for home, and mortgaged in order to buy the farm.

Appellee next contends the court erred in not ordering the wife to pay a reasonable sum in support for the children. As noted, the primary duty of support of minor children falls on the father. It has been said that if the evidence in a case indicates that such primary responsibility is incapable of being performed, there is no law which prevents requirement of support or contribution thereto by the mother if she is shown capable of providing it. *Thomason v. Thomason*, 53 Ala.App. 206, 298 So.2d 627.

We reaffirm this principle but find no error in the case before us in not requiring such payments by the appellant inasmuch as there is evidence to support the trial judge in concluding that the father is able to provide adequate support. We should note here that while we cannot reverse the trial judge, in this instance, for his failure to require appellant-wife to contribute to the support of the minor children (other than in the summer months), hopefully, she will voluntarily assist.

Appellee's last contention is that the trial judge erred in not reopening the case after the final decree to allow additional testimony as to the value of the farm being much less than the $65,000 estimate of appellant. The court's discretion in granting or refusing to grant a motion to reopen the cause for further testimony is not reviewable except for abuse. *Ex*

*parte State ex rel. Brittain et al.*, 237 Ala. 164, 186 So. 148. We note that in addition to appellant's testimony as to the value, appellee himself testified he wouldn't take $65,000 for the farm. We accordingly find no abuse.

All argued assignments of error having been considered, this cause is due to be and is, therefore and accordingly, affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.