This is a divorce case.
The Circuit Court of Coosa County awarded custody of the parties' six minor children to the father. The ages of the children range from age 13 to age 3. The mother appeals from this award.
The only issue presented to this court is whether the trial court erred in awarding custody of the children to the father. We find it did not, and affirm.
The parties were married for 15 years. At the time of the oretenus hearing, both parties were employed. The divorce was granted on the ground of incompatibility of *Page 195 
temperament. The homeplace was awarded to the father.
The testimony presented on behalf of the mother consisted of her own testimony and that of one witness who in essence testified that the mother was in fact a "good mother." The testimony presented on behalf of the father consisted of his own testimony and that of twelve other witnesses.
At the outset, we note that this court is required to view the trial court's decree with the presumption of correctness attendant in this type of case. Blankenship v. Blankenship,266 Ala. 182, 94 So.2d 743.
So viewing, there are tendencies of the evidence which reveal that the mother frequently left her children, on one occasion for an extended period of time; that she "pull a gun" on the father in the presence of the children; that she smoked marijuana; that she did not prepare meals for the children; and that her reputation in the community was "bad." Additionally, the two older children, while not expressing any preference as to which parent they would prefer to live with, did state they preferred to live in the town where the father resided.
Suffice it to say, there was ample evidence that the father was a good provider and a good father.
As is so often stated by this court, in cases involving child custody the paramount issue is the best interest of the children.Linderman v. Linderman, 49 Ala. App. 662, 275 So.2d 342.
In view of the above, this court cannot say the trial judge erred in his determination that the best interest of the children would be for the father to have custody. For this court to reverse, in this instance, would be to substitute our own judgment for that of the trial judge. This the law will not allow. Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.