HOLMES, Judge.
This is a divorce case.
*1135 The sole issue on appeal is whether the trial court’s division of property was an abuse of discretion so as to require reversal. The wife, through able counsel, contends there was such abuse. We cannot agree and affirm.
The record reveals that the parties were married in 1954. Their marriage was not what one would describe as a harmonious relationship. A decree of divorce was entered in June of 1976. Both parties worked for virtually the entire marriage. The wife was employed by a mill and earned approximately $7,000 a year. The husband farmed and ran a small country store. His income was less than that of the wife. During the marriage, there was accumulated 91 acres of land, a home located on the 91 acres, a store, various personal property including household goods, farm equipment, a small amount of livestock, and automobiles.
After a hearing ore tenus, the trial judge awarded the wife a large portion of the personal property, the home place and 11 acres of land. The husband was awarded 80 acres of land and the country store. In addition, the husband was awarded certain personal property including farm equipment and livestock.
There was conflicting testimony as to the value of the respective awards. One view of the evidence would tend to show that the value of the wife’s award was approximately $14,000 and the husband’s was approximately $35,000. Another view would indicate that the awards were of approximately equal value. Under either view of the evidence, we find no abuse so as to require reversal.
As this court has stated on numerous occasions, a division of property does not have to be equal but one which is graduated to the nature of the case. Griffin v. Griffin, Ala.Civ.App., 338 So.2d 416 (1976).
Furthermore, a division of property is within the sound discretion of the trial court and the exercise of such discretion is reviewable only for determination of palpable error and abuse. Hallman v. Hallman, 51 Ala.App. 460, 286 So.2d 863. We find no such palpable error or abuse wherein as here the wife is given at least approximately one-third of the total value of the estate or at best approximately one-half of the total value of the estate. Additionally, we note that the portion awarded to the wife provides her with a homeplace and the portion awarded to the husband allows him to earn a livelihood. Clearly, under the facts of this case, such an award does not require reversal.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.