HOLMES, Judge.
This is a child custody case.
The Circuit Court of Covington County, after an ore terms hearing, awarded custody of two minor children to the father. The maternal aunt and her husband appeal.
The dispositive issue on appeal is whether the trial court abused its discretion in the award of custody. We find no such abuse so as to require reversal and affirm.
We do not deem it necessary to set out the facts in detail. However, viewing the record with the attendant presumptions, we find the following:
The parents were divorced in 1974 and custody of the children who are now ages twelve and ten was awarded to the mother. The father was given visitation privileges. In September of 1978, the mother died. The mother, in her will, expressed a desire that the children be placed in the custody of her sister (the aunt) and the sister’s husband. The children have been in the aunt’s home since the mother’s death. The petition for custody was filed shortly after the mother’s death.
Suffice it to say the evidence is clear that the aunt and her husband have a stable home, love the children, and want the children in their home. In addition, the children testified they desired to remain in the home of the aunt and her husband. The aunt and her husband have one child.
In addition to the above, the evidence further reveals the husband has remarried and has a small child. The stepmother desires the children to be in their home. The father is gainfully employed, although he earns less than the aunt’s husband. He has a comfortable home with three bedrooms. His wife works. Additionally, the children have regularly visited in his home since the divorce and were treated well by the father and stepmother. There was evidence that the father had committed an assault against the mother prior to the divorce and had pulled a knife on a co-worker. However, there was evidence that since the divorce the father’s conduct has been exemplary.
While other evidence was presented, we consider the above pertinent. Viewing the record in its entirety, it is clear to this court that both the aunt and her husband and the father and his wife love and want what is best for the children. The trial court was faced with a difficult decision.
The law in this state provides that the trial court has wide discretion in matters of child custody and this court can only reverse for plain abuse. See Sheffield v. Sheffield, Ala.Civ.App., 350 So.2d 1056 (1977); Higgins v. Higgins, Ala.Civ.App., 336 So.2d 194 (1976). In this instance, we find no such abuse. For this court to reverse, we would have to substitute our judgment for that of the trial court. This we cannot do. See Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707 (1975).
The aunt and uncle, through able counsel who has provided this court with an excellent brief, present persuasive arguments why the best interest of the children would be served by them being in the custody of the aunt and uncle. However, this court cannot say the trial court plainly abused its discretion in awarding custody to the natural father.
We would be remiss in not commenting that the children are indeed fortunate to have the love and affection of not only their father and his wife, but of their aunt and uncle. It would be this court’s hope that all parties concerned would join together and concentrate their efforts on behalf of the children.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.